**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Harold Wayne PIONTEK, Defendant–Appellant.**

No. 87–2769.

United States Court of Appeals, Seventh Circuit.

Argued April 5, 1988.

Decided Oct. 14, 1988.

**153**

Alan G. Habermehl, Kalal & Habermehl, Madison, Wis., for defendant-appellant.

Grant C. Johnson, Asst. U.S. Atty., Madison, Wis., for plaintiff-appellee.

Before RIPPLE, MANION and KANNE, Circuit Judges.

MANION, Circuit Judge.

A jury convicted Harold Piontek of fourteen counts of an eighteen-count indictment that charged both interstate transportation and sales of stolen automobiles, 28 U.S.C. §§ 2312, 2313. On appeal, the only issue we need discuss is Piontek's contention that he was tried outside the time limit set by the Speedy Trial Act, 18 U.S.C. § 3161.

A grand jury returned a fourteen-count indictment against Piontek on April 23, 1987. Piontek's initial appearance before the district court on those charges was May 8, 1987. On May 13, the magistrate ordered that Piontek and the government file pretrial motions by May 26. On May 26, Piontek filed a number of motions, which the magistrate decided on May 28. On that date, the magistrate also set Piontek's trial for July 13.

The magistrate held a final pretrial conference on July 2. At that time, the magistrate rescheduled Piontek's trial for July 20. On July 15, however, the government filed a superseding indictment against Piontek. The superseding indictment recharged the original fourteen counts and added four new counts.

Piontek was arraigned on the superseding indictment on July 15. That same day, the magistrate ordered that Piontek and the government file pretrial motions by July 28. Piontek's trial on all eighteen counts eventually commenced on August 31, 1987.

The Speedy Trial Act provides that the government must bring a criminal defendant to trial no more than seventy days after the later of the indictment or the defendant's initial appearance before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1). Since Piontek's initial appearance came after his indictment, the Speedy Trial Act clock began to run on May 8, 1987, the date of his initial appearance. Thus, Piontek's trial commenced 115 days after his initial appearance on the original indictment. But to calculate whether a Speedy Trial Act violation has occurred, one does not simply count off seventy days from the starting date and see whether the defendant's trial commenced by that date. The Act provides that certain time periods are excludable in computing the number of days allowable between initial appearance and trial. *See* 18 U.S.C. § 3161(h).

No Speedy Trial Act problem exists with the four new counts in the superseding indictment. The government filed the superseding indictment, and Piontek appeared on the four new charges, on July 15. Piontek's trial commenced August 31, well within the seventy-day limit. *See United States v. Thomas*, 788 F.2d 1250, 1255–56 (7th Cir.1986). Therefore, Piontek's speedy trial arguments relate only to the fourteen counts that appeared in the original indictment.

In denying Piontek's speedy trial motion, the district court found enough excludable time to bring Piontek's August 31 trial date within the Act's seventy-day limit, even for the original charges. Piontek concedes that twenty-three days were properly excludable in calculating his speedy trial period. By Piontek's calculation, ninety-two countable days (115 minus 23) elapsed between his initial appearance and trial. If we accept Piontek's calculation, his trial commenced outside the Act's seventy-day limit.

■ Piontek challenges five time periods that the district court excluded. Among these time periods are the two 13–day periods (May 13–May 26 and July 15–July 28) that the magistrate set for filing motions. Piontek argues that the district court improperly excluded these two periods because the magistrate set these periods *sua sponte;* Piontek did not ask for time in which to file motions. We hold that the district court properly excluded these two periods.

Our recent decision in *United States v. Montoya,* 827 F.2d 143 (7th Cir.1987), controls this case. In *Montoya,* we held that any time that the district court expressly allows in which to file motions is excludable under the Speedy Trial Act. It does not matter whether the defendant asks for the time or whether the district court sets the time on its own. *Id.* at 153. *Montoya* dooms Piontek's argument that the district court improperly excluded the two motion-filing periods because the magistrate set those periods without Piontek requesting them. If Piontek believed he needed no time or less time to file motions, he should have told the magistrate. *See id.*

■ Piontek further argues that even if the first motion-filing period was properly excludable, the second period, granted after the government filed its superseding indictment, should not be. Piontek argues that if the government had not filed a superseding indictment five days before the original trial date, a second set of pretrial motions would have been unnecessary. According to Piontek, excluding the second motions-filing period creates a potential for government abuse because the government can delay a defendant's trial simply by filing successive superseding indictments.

It is possible that the government could use superseding indictments to frustrate a defendant's Speedy Trial Act rights. But our holding in *United States v. Thomas, supra,* has already eliminated the principal potential for abuse resulting from superseding indictments. In *Thomas,* we held that a superseding indictment does not affect the seventy-day period for charges that were in the original indictment. 788

F.2d at 1258. Still, some potential for abuse exists; for example, by filing a superseding indictment, the government may be able to take advantage of delay caused by a second round of motions practice. This potential for abuse may be particularly acute where the district court routinely allows time for filing motions. As we have already noted, however, Piontek may have eliminated much, if not all, of the delay resulting from the second motions-filing period simply by advising the court that he needed less time or no time for filing motions. Furthermore, Piontek has not specifically asserted that the government acted in bad faith. In a case where a defendant does show abuse, "we are confident in the ability of the district courts (and the courts of appeal should that be necessary) to deal with it within the framework of the Act." *United States v. Owokoniran,* 840 F.2d 373, 375 (7th Cir.1987). Because Piontek has not shown, or even alleged, that the government filed the superseding indictment simply to delay his trial, we hold that the district court properly excluded the second motions-filing period.

Subtracting the twenty-six days in the motions-filing periods from the ninety-two-day period that Piontek has calculated results in the conclusion that Piontek's trial commenced within the Act's seventy-day time limit, even if the district court improperly excluded all the other days that Piontek challenges. Therefore, we need not discuss Piontek's other speedy trial contentions.

For the reasons discussed above, Piontek's conviction is

AFFIRMED.