**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Patrick ASUBONTENG, also known as Patrick Rivers, Defendant–Appellant.**

No. 89–1512.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 25, 1989.

Decided Feb. 15, 1990.

Certiorari Denied April 16, 1990. See 110 S.Ct. 1830.

Daniel P. Bach (argued), John W. Vaudreuil, Asst. U.S. Atty., Madison, Wis., for plaintiff-appellee.

Richard L. Zaffiro (argued), Appleton, Wis., for defendant-appellant.

Before BAUER, Chief Judge, and RIPPLE and MANION, Circuit Judges.

MANION, Circuit Judge.

Patrick Rivers, a/k/a Patrick Asubonteng, a/k/a James Patton, pleaded guilty to making false statements in a credit card application and to mail fraud in violation of 18 U.S.C. §§ 1014 and 1341. Rivers reserved for appeal the court's denial of his motion to dismiss due to a violation of the Speedy Trial Act. We affirm.

## I. BACKGROUND

On August 4, 1988, a complaint was filed in the United States District Court for the Western District of Wisconsin, charging Patrick Rivers with one count of making false statements in a credit card application in violation of 18 U.S.C. § 1014. Rivers made his initial appearance on August 23, at which time counsel was appointed to represent him. Rivers pleaded not guilty at his arraignment and detention hearing on August 25. The magistrate, noting Rivers had employed five or more aliases and had changed his address in an attempt to elude authorities, determined Rivers to be a flight risk and ordered him detained pending trial. The trial date was subsequently set for November 7, 1988.

On October 5, 1988, the grand jury returned a superseding indictment charging Rivers with seven counts. Count I essentially duplicated the count charged in the original indictment. Counts II through V charged further violations of 18 U.S.C. § 1014. Count VI charged Rivers with mail fraud in violation of 18 U.S.C. § 1341. Count VII charged Rivers with using a false Social Security number with intent to deceive in violation of 42 U.S.C. § 408(g)(2). The court granted the government's motion to dismiss the original indictment.

On October 13, 1988, Rivers was arraigned on the superseding indictment. He pleaded not guilty to all charges. The magistrate asked defense counsel if she could be prepared to try all counts on November 7, or whether she would prefer to try all the counts at a later date. A third option would be to have two trials trying the first count on November 7 and the remaining six counts at a later date. Defense counsel indicated she would like to review the discovery before making a decision. The magistrate scheduled a new pretrial conference for October 26, and gave Rivers until October 24 to file additional motions.

Rivers' counsel filed seven discovery motions on October 24. The magistrate ruled on these motions at the October 26 pretrial conference. During the conference, Rivers' counsel agreed to a consolidated trial on all counts on January 3, 1989. The magistrate subsequently entered an order excluding the period from November 7

through January 3 from the Speedy Trial Act computation for Count I.

On December 29, 1988, the defendant filed a motion to dismiss the entire superseding indictment due to an alleged violation of the Speedy Trial Act, 18 U.S.C. § 3161. The district court denied the motion. Rivers then pleaded guilty to Counts I and VI and agreed to pay restitution in accordance with a plea agreement. Rivers reserved his right to appeal the district court's ruling on the Speedy Trial Act motion.

Rivers now appeals the district court's Speedy Trial Act ruling. He also alleges for the first time that his case was prejudiced by ineffective assistance of counsel.

## II. SPEEDY TRIAL ACT

### A. *Count I*

The Speedy Trial Act provides that the government must bring a criminal defendant to trial no more than seventy days after the defendant's indictment or initial appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1); *United States v. Piontek*, 861 F.2d 152 (7th Cir.1988). Thus the Speedy Trial Act clock began to run on the original count (later Count I of the superseding indictment) on August 23, the date of Rivers' initial appearance. Rivers contends that the January 3 trial date was too late under the Act.

Subsection (h)(8)(A) of the Speedy Trial Act provides that the court may exclude from the Speedy Trial Act computation

[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of

the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

The Act further specifies the factors which may be considered in granting a continuance:

The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

\* \* \* \* \* \*

Whether the failure to grant such a continuance in a case which, taken as a whole ... would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence....

No continuance ... shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.

18 U.S.C. § 3161(h)(8)(B) and (C).

In his "Order Excluding Time Under Speedy Trial Act," the magistrate stated:

As to the original count of the indictment, I conclude that the period from November 7, 1988 to January 3, 1989, should be excluded for purposes of the speedy trial calculation on the basis of 18 U.S.C. § 3161(h)(8)(A). I find that the ends of justice served by such exclusion outweigh the interest of the public and the defendant in a speedy trial, as the trial of all of the counts in the superseding indictment in a single trial will permit the more efficient and effective use of judicial time, and avoid the unnecessary and duplicative expenditure of effort, expense, witness and juror time, and the like which would result from two trials.

The magistrate noted that Rivers, through his counsel, agreed to the consolidation of the two trial dates on January 3.

Rivers asserts that he did not knowingly waive his Speedy Trial Act rights. However, the record shows neither Rivers nor his counsel objected to the continuance of the trial on Count I; neither did they object to the magistrate's "Order Excluding Time Under Speedy Trial Act." Since Rivers did not raise this issue at the district court level, he cannot raise it on appeal unless the continuance or "Order Excluding Time" constitutes plain error. *United States v. Samples,* 713 F.2d 298, 302 (7th Cir.1983); *United States v. Andrus,* 775 F.2d 825, 852 (7th Cir.1985). "Plain error occurs when, in light of the entire record, [the trial court's order] had a probable impact upon the finding of guilty." *Id.* The continuance in this case simply resulted in Rivers' trial on Count I being moved from November 7 to January 3. We fail to see how this caused Rivers to plead guilty on December 29. Rivers does not specify any evidence, testimonial or otherwise, or any tactical advantage he lost by having his trial set at the later date. There was no plain error which would require us to review the magistrate's decision to exclude the period from November 7 to January 3 as to Count I.

■ Moreover, § 3161(h)(8)(A) allows the magistrate to grant the continuance and exclude it from the Speedy Trial Act computation on his own motion, provided that he places in the record his reasons for doing so. *United States v. Rivera Construction Co.,* 863 F.2d 293, 296 (3d Cir. 1988). The Act does not require the consent of the defendant or his counsel. In granting the continuance the magistrate noted that "a single trial will permit the more efficient and effective use of judicial time, and avoid the unnecessary and duplicative expenditure of effort, expense, witness and juror time, and the like which would result from two trials." These are permissible considerations under § 3161(h)(8)(C). Therefore we will not disturb the magistrate's decision absent an abuse of discretion and a showing of prejudice. *United States v. Vega,* 860 F.2d 779, 787 (7th Cir.1988). As we have already noted, Rivers was not prejudiced by the grant of additional time with which to prepare for trial on Count I. If anything, this was to his advantage. Not only did the defense counsel have almost two additional months with which to prepare, she also would not have to duplicate her efforts in two trials involving common factual backgrounds. These tactical considerations probably contributed to defense counsel's consent to consolidating the trials on January 3. Therefore we find that the magistrate was well within his discretion in deciding to continue the trial from November 7 to January 3, and to exclude the intervening period from the Speedy Trial Act computation.

Rivers has stipulated November 7 was "well within the 70 days provided by the Speedy Trial Act." Defendant–Appellant's Brief at 7. Since the period from November 7 until the trial date was properly excluded, we find there was no Speedy Trial Act violation as to Count I.

### B. *Counts II through VII.*

■ The Speedy Trial Act clock began running on October 13 as to Counts II through VII of the superseding indictment. The trial was to be held on January 3. This is a period of eighty-two days. At least twelve days must be excluded to bring the trial date within the Speedy Trial Act's seventy days.

Subsection (h)(1)(F) of the Speedy Trial Act allows the exclusion of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion...." The magistrate set aside eleven days, from October 13 to October 24, for the filing of pretrial motions as to the superseding indictment. The magistrate took two days, until October 26, before he ruled on the motions. Thus thirteen of the eighty-two days are excludable, leaving sixty-nine days. The thirteen days are excludable even though the magistrate granted the time for filing motions *sua sponte. United States v. Piontek,* 861 F.2d 152, 154 (7th Cir.1988); *United States v. Montoya,* 827 F.2d 143, 153 (7th Cir.1987). Therefore there was no violation of the Speedy Trial Act's seventy-day time limit with respect to Counts II

through VII. We affirm the district court's denial of Rivers' Speedy Trial Act motion.

Rivers' brief also alludes to an alleged deprivation of Rivers' constitutional speedy trial rights. However, Rivers did not raise this issue in district court and therefore cannot raise it on appeal absent plain error. *United States v. Andrus*, 775 F.2d at 852.[1] For the reasons stated above with respect to Rivers' Speedy Trial Act claims, the setting of the trial date had no "probable impact upon the finding of guilt"; therefore there was no plain error as to Rivers' speedy trial rights. *Id.*

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

In addition to his claim for violations of the Speedy Trial Act, Rivers alleges the following four instances of ineffective assistance of counsel:

1. Failure to advise him at the arraignment on the superseding indictment of the possible waiver of otherwise valid speedy trial rights by entering new pleas and setting a new trial date, without ensuring that the waiver was knowing and intelligent;

2. Failure to avail herself of court-appointed investigative services under 18 U.S.C. sec. 3006A, the Criminal Justice Act, in order to locate witnesses material and necessary to the presentation of Rivers' defense at a trial;

3. Failure to move the court for a reconsideration of the bail which had earlier been set, to seek a bail which he could reach in order to better assist in finding witnesses and evidence material to the presentation of his defense at trial; and

4. Failure to present favorable witnesses and witness statements on Rivers' behalf at the time of his sentencing.

Defendant–Appellant's Brief at 2–3.

To prove ineffective assistance of counsel, "[t]he defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

But Rivers claims ineffective assistance of counsel for the first time on appeal. In *United States v. Ray*, 828 F.2d 399 (7th Cir.1987), *cert. denied*, 485 U.S. 964, 108 S.Ct. 1233, 99 L.Ed.2d 432 (1988), this court faced a similar situation.

[The defendant] did not raise the argument of ineffective assistance of counsel in district court. In this type of situation, although defendants may appeal directly from a judgment after a guilty plea, appellate courts do not as a general rule consider the defendant's claims of ineffective assistance of counsel. *United States v. Fisher*, 772 F.2d 371, 373 (7th Cir.1985) (collecting cases). The reason is that usually "there has been no opportunity to develop and include in the record" evidence relating to the ineffectiveness issue. *United States v. Ellison*, 798 F.2d 1102, 1106 (7th Cir.1986), *cert. denied*, [479] U.S. [1038], 107 S.Ct. 893, 93 L.Ed.2d 845 (1987); *see Fisher*, 772 F.2d at 373.

If the record is sufficiently developed to consider the issue of ineffective assistance of counsel, we may consider the issue. *See United States v. Nero*, 733 F.2d 1197, 1207 (7th Cir.1984); *United States v. Costa*, 691 F.2d 1358, 1363 (11th Cir.1982); *United States v. Phillips*, 664 F.2d 971, 1040 (5th Cir.1981), *cert. denied*, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982). If not, we will not reach the merits and will instead remand to the district court, "which is better equipped for such an inquiry." *Fisher*, 772 F.2d at 373. Even if the record is insufficiently developed, we need not remand to the district court if we determine that the defendant cannot

---

1. Although the government's appellate brief addresses the merits of this issue, a search of the record reveals that Rivers did not raise the constitutional speedy trial issue below.

establish that he or she suffered some prejudice. *Id.; Costa,* 691 F.2d at 1363. *Id.* at 420.

 Rivers' first allegation of ineffective assistance challenges the propriety of his counsel's acquiescence to a single January 3 trial date. Rivers claims his counsel wrongly waived his statutory and constitutional speedy trial rights.

As we have noted, the decision to consolidate the trials on January 3 was reasonable from the standpoint of defense preparation. Rivers was arraigned on the superseding indictment less than a month before the originally scheduled November 7 trial date. Counsel would have had great difficulty preparing for the additional counts (Counts II through VII) by November 7. Since Count I was factually similar to Counts II through VII, a later consolidated trial was desirable. Under the circumstances, we cannot say defense counsel was unreasonable in requesting a single trial on all counts on January 3.

 Moreover, Rivers was not prejudiced by any waiver of his speedy trial rights. The magistrate had authority under the Speedy Trial Act to set the trial on January 3, with or without Rivers' consent. *Rivera Construction,* 863 F.2d at 296. Finally, Rivers offers no explanation of how delaying the trial until January 3 could have influenced the case's ultimate conclusion. If anything, Rivers should have been more prepared to try the case on January 3 than at an earlier date. Rivers fails to satisfy either *Strickland* prong on this issue.

 The record contains no evidence to support Rivers' claims of prejudice with respect to the remaining allegations of ineffective assistance. Rivers asserts witnesses existed who would have exonerated him, but does not specifically state what these witnesses would have said. Rivers also contends his counsel should have presented "additional favorable testimony at sentencing," but does not specify what the testimony would have been. Furthermore, these witnesses were apparently difficult to lo-

cate. Rivers asserts, given the chance, he could have found them, but we have only his word to support this. This court has consistently held that such conclusory allegations do not satisfy *Strickland's* prejudice component. *See United States v. Hattermann,* 853 F.2d 555, 559 n. 9 (7th Cir. 1988); *United States v. Otero,* 848 F.2d 835, 838 (7th Cir.1988); *United States v. Giangrosso,* 779 F.2d 376, 382 (7th Cir. 1985), *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1237, 89 L.Ed.2d 345 (1986); *United States v. Metcalfe,* 698 F.2d 877, 883 (7th Cir.), *cert. denied,* 461 U.S. 910, 103 S.Ct. 1886, 76 L.Ed.2d 814 (1983). Consequently, Rivers has failed to meet his burden under *Strickland* with respect to all of his allegations of ineffective assistance of counsel.

The decision of the district court is

AFFIRMED.