916 F.2d 715
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel M. CORAN, Defendant-Appellant.
 No. 89-3566.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 9, 1990.*
Decided Oct. 16, 1990.
 
 Before COFFEY, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 I.
 
 1
 Defendant-Appellant Samuel Coran appeals his conviction, following a jury trial, for conspiracy to distribute cocaine, 21 U.S.C. Sec. 846, and possession of cocaine with intent to distribute, 21 U.S.C. Sec. 841(a)(1). Coran asks this court to adopt a rule of presumptive prejudice for purposes of an ineffective assistance of counsel claim when there is only one in-person pretrial conference between an attorney and a criminal defendant. We decline the invitation to create such a rule and affirm the conviction.
 
 II.
 
 2
 Ordinarily, this court will not decide the issue of ineffective assistance of counsel when it is raised for the first time on appeal without the development of some factual record below.[1] Johnson v. United States, 805 F.2d 1284, 1290 (7th Cir.1986). However, in this case some facts were developed at the surety release hearing. Furthermore, we have recognized an exception to this general principle either where the resolution of this issue is sufficiently clear-cut, id., or where the court has determined that the defendant could not establish injury as a result of some prejudice. United States v. Asubonteng, 895 F.2d 424, 428-29 (7th Cir.1990), cert. denied, U.S., 110 S.Ct. 1830 (1990). The issue presented by Coran is sufficiently clear-cut; moreover, Coran does not specify any injury resulting from prejudice.
 
 
 3
 The seminal case governing claims of ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). In Strickland the Supreme Court established standards for evaluating whether a criminal defendant was so deprived of his constitutional right to effective assistance of counsel as to require a reversal of his criminal conviction. There are two components of the Strickland analysis, both of which are required:
 
 
 4
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 
 
 5
 Id. at 687. The Supreme Court added that "the proper standard for attorney performance is that of reasonably effective assistance," id., and established a "strong presumption of attorney competence." Kimmelman v. Morrison, 477 U.S. 365, 383 (1986) (interpreting Strickland ). Therefore, focus of an ineffective assistance of counsel inquiry is whether the proceeding was fundamentally fair. Strickland, 466 U.S. at 696. There is no denial of the constitutional right to effective assistance of counsel if the result would have been the same regardless of any deficiency in the counsel's performance. United States v. Phillips, No. 89-2797, slip op. at 5 (7th Cir. Sept. 24, 1990).
 
 
 6
 Coran contends that his attorney's performance was deficient because there was only one face-to-face pretrial conference between the two. Though Coran admits to having frequent telephone conversations consuming numerous hours with his attorney, he asserts that telephone conversations on government regulated telephones were not an adequate substitute for private meetings in person. Coran has not provided any authority that would support a rule establishing a minimum number of pretrial meetings between counsel and a criminal defendant.
 
 
 7
 The Strickland Court declined to define any detailed guidelines for defense counsel to follow, United States v. Rush, 890 F.2d 45, 50 (7th Cir.1989), as such "guidelines for representation could distract counsel from the overriding mission of vigorous advocacy of the defendant's cause." Strickland, 466 U.S. at 689. In an analogous case, this court noted that it was not aware of any cases that established a "minimum number of meetings between counsel and client prior to trial necessary to prepare an attorney to provide effective assistance of counsel," United States ex rel. Kleba v. McGinnis, 796 F.2d 947, 954 (7th Cir.1986), and that an experienced attorney "can get more out of one interview with a client than a neophyte lawyer could get out of a similar meeting." Id. Coran's trial counsel is an experienced attorney who represented Coran competently at trial.[2]
 
 
 8
 Coran has failed to show that a single face-to-face meeting falls below the standard of "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688. Moreover, Coran has failed to overcome the strong presumption that his counsel rendered constitutionally adequate assistance. Harris v. Reed, 894 F.2d 871, 877 (7th Cir.1990), reh'g en banc denied, (7th Cir. March 13, 1990) (LEXIS, Genfed library, App file). The failure to establish one of the components of the Strickland analysis is fatal to Coran's claim. United States v. Slaughter, 900 F.2d 1119, 1124 (7th Cir.1990).
 
 
 9
 Even if only one in-person meeting between Coran and his trial counsel did result in ineffective assistance of counsel, Coran has failed to make the requisite showing for the second prong of the Strickland analysis, that is to say, to " 'affirmatively prove prejudice' resulting from his counsel's failure to have more frequent contact with him prior to trial." United States v. Olson, 846 F.2d 1103, 1108 (7th Cir.1988), cert. denied, 488 U.S. 850 (1988). Indeed, he alleges no actual prejudice resulting from his trial counsel's representation. Rather, Coran is asking this court to adopt a per se rule establishing a presumption of prejudice whenever in-person pretrial meetings between counsel and his client fall below a specified number. The Supreme Court has recognized a presumption of prejudice in the narrow instance of an actual conflict of interest, however, "[c]onflict of interest claims aside, actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice." Strickland, 466 U.S. at 693. Coran has not presented any case law or sound reason to support another basis for a presumption of prejudice.
 
 
 10
 "[A]n appellate court's review of counsel's performance must be highly deferential." Harris, 894 F.2d at 877. Coran has not met his heavy burden of "affirmatively establish[ing] that counsel's performance was both constitutionally deficient and that the deficiency prejudiced the outcome of the trial." Id. Coran's claim fails under both components of the Strickland test. Therefore, his conviction is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Coran's post-conviction motion for a new trial claiming ineffective assistance of trial counsel was denied because it was filed beyond the jurisdictional time limit required by Rule 33 of the Federal Rules of Criminal Procedure
 
 
 [2]
 The presiding judge referred to trial counsel as "an extremely able counsel," Sentencing Tr. at 9, and the government remarked on his "outstanding performance at trial." Id. at 13