936 F.2d 575
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Bruce A. VEAL, Defendant/Appellant.
 No. 90-2843.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1991.*
Decided July 1, 1991.
 
 Before WOOD, JR., EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Bruce Veal was charged with two counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a) and one count of carrying a firearm during a crime of violence in violation of 18 U.S.C. Sec. 924(c)(1). Veal denied carrying a firearm, but admitted having robbed the two banks. His affirmative defense was coercion.[1] A jury found him guilty of the bank robbery counts and not guilty of the firearm count.
 
 
 2
 Veal's trial attorney filed a notice of appeal; this court granted his motion to withdraw as counsel for Veal. The present attorney was then appointed. He filed a motion to withdraw as counsel for Veal based on his belief after reviewing the record that any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967). Pursuant to Circuit Rule 51(a), we notified Veal of his counsel's motion. Veal moved to proceed on appeal pro se. This court postponed a decision on Veal's motion until it decided counsel's motion to withdraw, but again admonished Veal to follow the directions set out in Circuit Rule 51(a). Veal did not file a response to his counsel's motion. Counsel has raised and answered a number of arguments that Veal might advance on his own behalf.
 
 
 3
 Veal might argue that the district court erred in finding that he was competent to stand trial. We do not set aside a trial court's finding of competency unless it is clearly erroneous. United States v. Bennett, 908 F.2d 189, 195 (7th Cir.1990). "The test for competency is whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him.' " United States v. Garrett, 903 F.2d 1105, 1116 (7th Cir.1990) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam)). After a hearing on the issue, which included evidence of a psychological evaluation, the court decided that Veal was competent to stand trial. This decision is supported by the record.
 
 
 4
 Counsel raises the potential issue of the denial of a right to a speedy trial. Veal was arrested on October 24, 1989 and his trial began on June 12, 1990. Veal did not raise the issue of a delay below. Nor did he object to the district court's tolling the Speedy Trial Act time, much of it caused by the delay resulting from the competency examination. Therefore, Veal cannot raise this issue on appeal absent plain error, which is not shown. United States v. Asubonteng, 895 F.2d 424, 428 (7th Cir.1990).
 
 
 5
 After the trial, Veal wrote a letter to his counsel voicing his dissatisfaction with counsel's representation.[2] To prove an ineffective assistance of counsel claim, Veal would have to establish that his trial counsel's assistance was constitutionally deficient and that the outcome of his trial was prejudiced by counsel's deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). There are three grounds that Veal might assert to support an ineffective assistance of counsel claim.
 
 
 6
 In his letter, Veal claimed that his counsel failed to adequately investigate his claim by not interviewing potential witnesses who could have supported his affirmative defense by admitting that they coerced him to rob the banks. "[A] particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 691. There was testimony from both Veal's mother and from his fiancee regarding the gang threats. Moreover, it is not likely that the witnesses that were not called, who were Veal's alleged assailants, would be willing to state under oath that they abused Veal and coerced him into robbing two banks in order to pay off an old drug debt. Because such an investigation could prove to be fruitless, it cannot be said that counsel's decision not to interview them was unreasonable. See Burger v. Kemp, 483 U.S. 776, 795 (1987) (citing Strickland, 466 U.S. at 691).
 
 
 7
 Veal might also argue that counsel rendered ineffective assistance when he withdrew Veal's motion to suppress. Veal wished to suppress as involuntary the confession he gave after his arrest. Veal claimed to have been under the influence of drugs when he confessed. The Supreme Court has held that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." Colorado v. Connelly, 479 U.S. 157, 167 (1986). When during the interrogation the officers noticed that Veal might be under the influence of alcohol or drugs, they ceased the interrogation, told Veal that they would resume the following day, and started walking out the door. Veal called them back. Veal, who then appeared more alert, was again read his Miranda rights and made his statement. The record does not demonstrate that the confession was a result of police overreaching. See id. at 164. Moreover, at trial Veal admitted having robbed the banks, asserting the defense of coercion. Thus, Veal would not be able to establish either professionally unreasonable conduct on the part of counsel or prejudice resulting from the withdrawal of the motion to suppress.
 
 
 8
 In his letter, Veal also complained that, while he was being cross-examined, counsel did not make certain objections and did not move for a mistrial. Specifically, counsel did not object to the admission of the following evidence during cross-examination: 1) a question whether Veal was a habitual criminal; 2) evidence of treatment programs he had attended; and 3) a tape recording of a telephone conversation between Veal and his mother which took place while he was at the federal hospital prison and in which Veal told his mother that he had to "conjure up a defense."
 
 
 9
 Veal's counsel did not object to the state's question regarding whether he was a habitual offender. Veal denied that he was ever convicted as a habitual offender. However, in that Veal had a long history of arrests, it cannot be said that the question lacked a factual basis. See United States v. Finley, No. 89-2929, slip op. at 5 (7th Cir. May 28, 1991) (there must be a factual basis for questions asked on cross-examination). Moreover, the question was asked once during the course of a long cross-examination, and the lack of an objection to the question may have been for tactical reasons. To the extent that the jury paid any attention to the question, it was discounted by Veal's denial. Thus, Veal was not prejudiced by his counsel's failure to object to this question.
 
 
 10
 The other evidence which Veal claims should have drawn objections was more probative to the government's case than prejudicial to Veal's. The evidence regarding the treatment programs supported the government's theory that Veal robbed the banks to support his drug habit. The evidence of the tape recorded conversation with his mother undermined Veal's credibility and his coercion defense. The federal hospital prison where Veal's competency was being evaluated tape records all telephone conversations of its inmates as a routine security measure. See United States v. Sababu, 891 F.2d 1308, 1329 (7th Cir.1989) (ordinary course exception to the federal wiretapping statute, 18 U.S.C. Secs. 2510 et seq., is satisfied where recordings are made in accordance with established prison routine). Veal would not be able to satisfy the prejudice prong of the Strickland test. An ineffective assistance of counsel claim would have no merit.
 
 
 11
 The test for reviewing a denial of a motion for judgment of acquittal based on a challenge to the sufficiency of the evidence is whether a jury could find the defendant guilty beyond a reasonable doubt based on the relevant evidence, viewing the evidence in a light most favorable to the government and bearing in mind that it is the jury's function to determine the credibility of the witnesses, to resolve evidentiary conflicts, and to draw reasonable inferences. United States v. Hagan, 913 F.2d 1278, 1281 (7th Cir.1990) (citations omitted). Applying the test to Veal's motion, we find that the district court correctly denied it. Veal's defense was coercion. The jury could have reasonably chosen not to believe Veal or the witnesses that were called on his behalf.
 
 
 12
 Finally, Veal might argue that the district court abused its discretion by sentencing him to 210 months of imprisonment. The district court determined that under the Sentencing Guidelines Veal had a total offense level of 32 and a criminal history category of VI. The guideline range was 210 to 262 months. Veal's counsel asked the court to consider a two-point reduction for acceptance of responsibility, arguing that Veal admitted robbing the banks and that it was not clear from the jury verdict that the jury disbelieved his defense of coercion. The district court found that the jury had rejected the defense and the judge did not believe it either, particularly in light of the fact that Veal had used the defense of coercion in an earlier bank robbery trial. "[A] trial judge may consider [a defendant's truthfulness while testifying] in determining the sentence to be imposed and may enhance a defendant's sentence if the judge believes the defendant has testified falsely." United States v. Ford, 840 F.2d 460, 467 (7th Cir.1988).
 
 
 13
 Veal's counsel also asked the court to depart downward on the basis of the coercion, or in the alternative, to sentence Veal at the lower end of the guideline range. The district court sentenced him at the lower end of the range, but refused to depart. It was within the discretion of the district court to refuse to grant a departure. We lack jurisdiction to review a district court's decision not to depart from the guideline range. United States v. Macias, No. 90-1208, slip op. at 7 (7th Cir. April 18, 1991) (citing United States v. Franz, 886 F.2d 973, 978 (7th Cir.1989)).
 
 
 14
 There are no nonfrivolous grounds for an appeal. Therefore, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.
 
 
 
 *
 Pursuant to Circuit Rule 51(a), Defendant-Appellant's attorney filed a "Motion for Leave to Withdraw" and a "Brief in Support of Motion" on February 25, 1991. We notified the Defendant-Appellant of his attorney's filing and informed him that he could file a response raising any grounds that showed why his conviction should be set aside. No such statement was filed; the motion is therefore taken on the brief of the attorney and the record
 
 
 [1]
 Veal testified that he feared that a gang would make good its threats to harm his fiancee, his daughter, or his mother if he did not quickly pay money to the gang
 
 
 [2]
 In his brief, counsel has not characterized all of these claims in terms of ineffective assistance of counsel. Our reading of Veal's letter to his attorney convinces us that he would be more likely to raise the following arguments in his ineffective assistance of counsel claim