12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Coy L. BUTLER, Defendant-Appellant.
 No. 92-2712.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 18, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Coy L. Butler was convicted of possession of cocaine with intent to distribute. 21 U.S.C. Sec. 841(a)(1), (b)(1)(C). Butler appeals his conviction on the grounds that he received ineffective assistance of counsel at trial in violation of his rights under the Sixth Amendment. We affirm.
 
 
 2
 Butler raises the claim of ineffective assistance of counsel for the first time in this appeal. This court will not consider the merits of such a claim raised for the first time on appeal unless, as here, the issue is sufficiently clear-cut. United States v. Limehouse, 950 F.2d 501, 503 (7th Cir.1991), cert. denied, 112 S.Ct. 1962 (1992). A strong presumption exists that counsel rendered reasonably professional assistance. Strickland v. Washington, 466 U.S. 668, 689 (1984). To overcome this presumption Butler must establish that the performance of his trial counsel was constitutionally deficient and prejudiced the defense. Id. at 694. One element of prejudice is a reasonable probability that the result of the proceeding would have been different. Id. at 694. The result must also be fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 842-43 (1993). Butler does not meet this burden.
 
 
 3
 Butler contends that his trial counsel was ineffective by informing the jury during the defense's opening statement that Butler was under the influence of narcotics at the time of his initial appearance before the district court. This statement was a tactical decision designed to advance the defense strategy that Butler was a cocaine addict. Trial tactics are not subject to appellate review in deciding ineffective assistance claims. Limehouse, 950 F.2d at 504.
 
 
 4
 Butler next asserts that his attorney's cross-examinations of government witnesses was repetitious of the government's case, filled in gaps in the government's evidence, and reinforced the witnesses' credibility. Our review of the record reveals that this argument is without merit. As the government points out, the cross-examinations of John Gerard and William Britt were consistent with the defense theory that Butler was a cocaine addict and therefore possessed the cocaine only for his personal use. The cross-examination of Richard Sims elicited testimony that supported the defense theory that Butler did not live in the apartment in which the cocaine was found. The cross-examination of Ricky Fisher, although not an example of a model trial performance, nonetheless was designed to undermine his credibility. These cross-examinations therefore were within "the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.
 
 
 5
 The cross-examination of Barbara Crosby was also professionally competent. Butler's attorney impeached Crosby's testimony with evidence of prior inconsistent statements. Crosby testified during the cross-examination that she had lied to her landlord in her application for her apartment and that Butler habitually used a significant amount of drugs. Butler's attorney also elicited testimony from Crosby tending to show a motive in favor of the prosecution.
 
 
 6
 Butler contends that the cross-examinations of government witnesses Robert Anderson, Tom Murgach, James Coglianese, James Ambrozich, and Cary Grant were also deficient. Butler has not specified how these cross-examinations reinforced the witnesses' credibility or otherwise prejudiced his defense. These conclusory allegations therefore do not satisfy Strickland's prejudice component. United States v. Asubonteng, 895 F.2d 424, 429 (7th Cir.1990), cert. denied, 494 U.S. 1089 (1990).
 
 
 7
 Butler next contends that his trial counsel was ineffective by failing to present any evidence in favor of the defense. In this court, "a tactical decision not to call a particular witness or seek to introduce a particular piece of evidence, if made after adequate investigation and based upon counsel's reasonable determination that damage to his client's case can thereby be avoided, cannot form the basis for a finding of ineffective assistance of counsel." United States v. Curtis, 742 F.2d 1070, 1074 (7th Cir.1984), cert. denied, 475 U.S. 1064 (1986). Butler asserts that his trial counsel should have called at least one witness from a list of nine witnesses submitted to the clerk of the district court by Butler's previous counsel. Butler states that "[f]rom the size of the witness list it is clear that there was a defense to be put on." Butler has pointed to nothing in the record which supports this conclusory assertion. Although Butler alleges that his trial counsel did not contact anyone on the witness list, he has offered no evidence that his trial counsel did not make an adequate investigation or that the decision not to present a defense was unreasonable. Butler thus cannot overcome the presumption that his trial counsel rendered reasonably professional assistance. Strickland, 466 U.S. at 689.
 
 
 8
 Butler's heavy reliance on our decision in Harris v. Reed, 894 F.2d 871 (7th Cir.1990), is misplaced. In Harris we did not adopt the position that the decision of trial counsel not to present a defense constitutes ineffective assistance as a matter of law. Id. at 878. Rather, that strategic decision was just one factor in the evaluation of trial counsel's overall performance. Id. The facts of Harris are distinguishable from this case. Butler has not shown that the testimony of any defense witness would have aided his case. Butler's opening statement also did not lead the jury to believe that it would hear a different version of the facts which Butler later failed to support. Harris thus is inapplicable here.
 
 
 9
 Butler's final argument is that his counsel was ineffective by failing to file objections to the presentence report, for which the attorney was fined by the district court. We need not decide whether this conduct was outside the range of professionally competent assistance because Butler has failed to establish prejudice to his defense. Butler has not stated the objections which should have been made by his trial counsel, nor has Butler asserted that his sentence would have been reduced if the unspecified objections had been made. The record reveals that the district court, in its order on final disposition, explicitly considered and overruled a number of objections by Butler to the presentence report. These objections were obtained from photocopies of letters from Butler's attorney to the reporting probation officer and from Butler to his attorney. Butler's argument therefore is without merit.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record