46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Nicholas MALIZZIO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3393.
 United States Court of Appeals, Seventh Circuit.
 Submitted: Jan. 5, 1995.*
Decided: Jan. 26, 1995.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Nicholas Malizzio appeals the district court's denial of his motion for post-conviction relief under 28 U.S.C. Sec. 2255 based on his allegations of ineffective assistance of counsel at sentencing. He claims that his attorney failed at sentencing to subpoena witnesses or request an evidentiary hearing to corroborate his contention that he did not use a gun when he attempted to collect gambling debts from a customer. He also argues that his attorney failed to object at sentencing to the court's consideration of a sentencing enhancement based upon a firearm charge of which Malizzio was acquitted. Finally, Malizzio contends that the district court's swift denial of his motion deprived him of the opportunity to file a reply brief. We affirm the judgment of the district court.
 
 BACKGROUND
 
 2
 In February 1990, Malizzio's co-defendant at trial, William DiDomenico, was indicted on RICO and gambling charges as part of the case, United States v. Infelise, No. 90 CR 87.[1] At the DiDomenico/Malizzio trial, the government presented evidence to show that DiDomenico, after being indicted, enlisted help from Malizzio to collect sports wagering debts from customers, including Alan Barack. Between April and June 1990, Barack cooperated with the FBI to record various conversations he had with Malizzio in which Malizzio, attempting to collect gambling debts, threatened him.
 
 
 3
 On June 28, 1990, Barack met Malizzio in Palatine to make a payment. The two men talked outside their cars. Barack told Malizzio that he did not have the money. Malizzio returned to his car and then mentioned for Barack to approach. After Barack walked over to Malizzio's car, he saw a gun on one of the car seats. According to the presentence investigation report, Malizzio intentionally displayed this gun to frighten Barack. FBI agents subsequently arrested Malizzio, who was found in possession of a gun located in a brown bag under the front seat, more than $20,000 in the glove compartment, and documents containing gambling records.
 
 
 4
 In November 1990, Malizzio was charged with one count of extortion in violation of 18 U.S.C. Secs. 894 and 2, and one count of carrying and using a firearm in an attempted extortion in violation of 18 U.S.C. Sec. 924(c)(1). A jury convicted Malizzio on the extortion charge but acquitted him of the firearm count.
 
 
 5
 At Malizzio's sentencing hearing in September 1991, Malizzio's counsel contested the government's assertion that Malizzio used or carried the gun on June 28, 1990 for the purpose of scaring Barack. Defense counsel conceded, however, that Barack saw the gun "lying on the seat." (Sentencing Hearing of 9/16/91, Tr. at 11.) According to defense counsel, the presence of the gun "scared Alan Barack because Alan Barack saw the gun and he read things into it. He read things into the fact that my client was smiling." Id. The district judge found that Malizzio used the gun (1) to guard the money that Malizzio had collected in connection with the gambling scheme and (2) to scare Barack. After giving Malizzio a three-point enhancement for use of a firearm in furtherance of the extortion, the court sentenced him to 39 months' imprisonment. The court also imposed a five-year term of supervised release. Malizzio did not appeal his conviction and sentence.
 
 
 6
 In July 1993, Malizzio filed a motion to vacate, set aside, correct and/or reduce sentence under 28 U.S.C. Sec. 2255, claiming that he was deprived of effective assistance of counsel at his sentencing hearing. He asserted that counsel failed to object to the district court's consideration during sentencing of evidence related to a charge of which he had been acquitted - use of a firearm during the extortion. He also argued that counsel failed to move to reduce his sentence based upon the time he spent on bond pending trial.[2]
 
 
 7
 The district court held that Malizzio's ineffective assistance of counsel claims lacked merit, and denied Malizzio's motion. With respect to Malizzio's claim that counsel failed to challenge the sentence enhancement, the court found that defendant's attorney had in fact objected to the proposed enhancement. Regarding Malizzio's other claim that counsel failed to request credit for time Malizzio had already served, the court found that counsel properly refused to raise this claim because a defendant released on bond before trial is not entitled to credit.
 
 
 8
 Malizzio appealed.
 
 DISCUSSION
 
 9
 On appeal, Malizzio argues that the district court erred in denying his Sec. 2255 motion because his attorney was ineffective at sentencing (1) in failing to subpoena witnesses or request an evidentiary hearing to substantiate Malizzio's claim that he did not use a gun during the extortion, and (2) in failing to contest the sentencing enhancement based upon a firearm charge of which he was acquitted. Malizzio also argues that he was not allowed an opportunity to file a reply brief before the district court denied his Sec. 2255 motion.
 
 
 10
 I. Ineffective Assistance of Counsel at Sentencing
 
 
 11
 Section 2255 is a substitute for habeas corpus and, like habeas corpus, is limited to "correcting errors that vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993). Although a claim of ineffective assistance of counsel may be raised on a Sec. 2255 motion, id. at 471, such a motion should only be considered by the district court if extraordinary circumstances are present. United States v. Robinson, 8 F.3d 398, 406 (7th Cir. 1993); see also Scott v. United States, 997 F.2d 340, 341-42 (7th Cir. 1993) ("only the most exceptional case" in which there is a "complete miscarriage of justice" warrants Sec. 2255 relief).
 
 
 12
 To succeed on an ineffective assistance claim, Malizzio must demonstrate that counsel was deficient and that this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it falls below "an objective standard of reasonableness" based on "prevailing professional norms." Id. at 688. Malizzio must overcome a strong presumption that his counsel provided competent representation. United States v. Kellum, Nos. 93-2937 & 93-3344, slip op. at 13 (7th Cir.Dec. 19, 1994) (citing Strickland, 466 U.S. at 689). Prejudice exists when counsel's deficient performance renders the outcome of the trial unreliable or the proceeding unfair. Lockhart v. Fretwell, 113 S. Ct. 838, 844 (1993). Both components of this inquiry are mixed questions of law and fact subject to independent review by this court. Precin v. United States, 23 F.3d 1215, 1218 (7th Cir. 1994).
 
 
 13
 The district court found that Malizzio had failed to satisfy either of the elements under Strickland. According to the court, Malizzio did not show that his counsel's performance at sentencing fell outside the wide range of reasonable and professional conduct, nor did Malizzio establish a reasonable probability that counsel's alleged errors rendered the sentencing proceeding unfair.
 
 
 14
 A. Failure to Subpoena Witnesses or Request an Evidentiary Hearing
 
 
 15
 For the first time, Malizzio argues on appeal that his counsel's performance at sentencing was deficient because the attorney failed to subpoena witnesses or request an evidentiary hearing to show that Malizzio did not use the gun during the extortion. Initially, we note that Malizzio waived this argument by failing to raise it in his Sec. 2255 motion before the district court. See Pierce v. United States, 976 F.2d 369, 370 n.2 (7th Cir. 1992) (per curiam); Borre v. United States, 940 F.2d 215, 224 (7th Cir. 1991).
 
 
 16
 Even if Malizzio could overcome this waiver problem, he still cannot satisfy the prejudice prong under Strickland. Although Malizzio asserts that his counsel failed to subpoena witnesses who would have buttressed his account of the events, he does not specifically state what these witnesses would have said. Malizzio did not attach to his Sec. 2255 motion, for instance, any affidavits setting forth what testimony the witnesses would have provided if subpoenaed. Although Malizzio now asserts (for the first time) that he had "put the gun in the brown paper bag days before and put it under the seat because he was transporting it from one place to another," (Appellant's Br. at 2), we have only his word to support this. Such conclusory allegations, particularly at this stage of the proceedings, do not satisfy Strickland's prejudice requirement. See United States v. Asubonteng, 895 F.2d 424, 429 (7th Cir.), cert. denied, 494 U.S. 1089 (1990). Furthermore, Malizzio has not shown that his counsel disregarded, overlooked, or even knew of any exculpatory evidence or testimony. See Barkauskas v. Lane, 946 F.2d 1292, 1295 (7th Cir. 1991). Because Malizzio has failed to demonstrate that his counsel's "deficient" performance rendered the proceeding unfair, we need proceed no further in considering this claim of ineffective assistance of counsel. Degaglia v. United States, 7 F.3d 609, 613 (7th Cir. 1993).
 
 
 17
 B. Failure to Challenge Sentencing Enhancement Based upon a Firearm Charge of Which Petitioner Was Acquitted
 
 
 18
 Malizzio also asserts that because the jury acquitted him of carrying a firearm to facilitate the extortion, his counsel should have contested the district court's enhancement of his sentence under Guideline Sec. 1B1.3(a)(2)[3] by three points.
 
 
 19
 Contrary to Malizzio's assertion, his counsel did contest the district court's consideration at sentencing of Malizzio's use of a firearm. As the district court pointed out, Malizzio's counsel filed objections to the pre-sentence investigation report and disputed, specifically, the probation officer's recommendation of a three-point enhancement under Sec. 1B1.3(a)(2) because Malizzio "never displayed the weapon nor was the weapon ever seen or known to be used before or after so as to become 'part of a course of conduct or common scheme' as required in the guideline." (Defendant Malizzio Comments Regarding Pre-Sentence Investigation with Attachments, R. 122 at 2, p e.) Defense counsel again objected to the enhancement under the Guidelines at Malizzio's sentencing hearing:
 
 
 20
 My point and Mr. Malizzio's point is the gun was not used nor carried as the guideline would suggest, for the purpose of scaring Mr. Barack in a furtherance of this scheme. If, in fact, as the government says, the gun was there because he was protecting money and if the Court rules that way, well, then that's fine. But I don't think that's enough for Your Honor to tack on the three points that the probation officer suggests.
 
 
 21
 (Sentencing Hearing of 9/16/91, Tr. at 11-12.)
 
 
 22
 Even if defense counsel had not objected to the district court's consideration of Malizzio's use of a firearm, Malizzio still could not prevail on this ineffective assistance claim because an objection to this enhancement would not have affected the court's sentencing determination. This circuit has held that a sentencing court may consider all relevant conduct for which a defendant was charged, even if the defendant were acquitted of those charges. United States v. Masters, 978 F.2d 281, 285-86 (7th Cir. 1992), cert. denied, 113 S. Ct. 2333 (1993); United States v. Banks, 964 F.2d 687, 692 (7th Cir. 1992); United States v. Fonner, 920 F.2d 1330, 1332-33 (7th Cir.), cert. denied, 113 S. Ct. 470 (1992). At sentencing, the conduct which the government seeks to have the court consider as relevant need only be proven by a preponderance of the evidence. Banks, 964 F.2d at 692. Here, the district court could reach a determination about Malizzio's use of the firearm based upon the information provided in the presentence report and Malizzio's own admission that he kept the gun under the seat in his car. We agree with the district judge that this evidence is sufficient for sentencing purposes to find by a preponderance of the evidence that Malizzio displayed his gun to Barack in order to frighten him. Thus no prejudice occurred.
 
 
 23
 Citing United States v. Brady, 928 F.2d 844 (9th Cir. 1991), Malizzio also argues that the sentencing enhancement was inappropriate because he did not know that a firearm was in the car at the time of the extortion. In Brady, the Ninth Circuit vacated an upward departure from the Guidelines based on a factual finding by the district court that effectively overruled the jury's decision to acquit. Id. at 850-51 ("We would pervert our system of justice if we allowed a defendant to suffer punishment for a criminal charge for which he or she was acquitted."). Although the divided panel in Brady prohibited district judges from considering conduct of which a person has been acquitted, id., this court has explicitly disagreed with the Ninth Circuit's decision. United States v. Smith, 953 F.2d 1060, 1066 (7th Cir. 1992) (Brady-styled argument that court must disregard prior act "has no support here").
 
 
 24
 Accordingly, we reject Malizzio's claim that counsel rendered ineffective assistance at sentencing in failing to challenge the district court's consideration of a sentencing enhancement based upon Malizzio's use of the firearm during the extortion.
 
 II. Right to File a Reply Brief
 
 25
 The district court dismissed Malizzio's Sec. 2255 motion four days after the government filed its response to the motion. Malizzio argues that this "impromptu" ruling deprived him of an opportunity to reply and denied him due process. (Appellant's Br. at 4.)
 
 
 26
 Section 2255 allows a district court to deny a motion for post-conviction relief without even requiring the government to answer it when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255. Furthermore, Rule 4(b) of the Rules Governing Sec. 2255 Proceedings suggests that the district court in its discretion may determine whether to allow a petitioner to submit a reply brief:
 
 
 27
 The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.
 
 
 28
 Rules Governing Sec. 2255 Proceedings, Rule 4(b), 28 U.S.C. foll. Sec. 2255 (emphasis added).
 
 
 29
 The filing of a reply brief is neither required by the Constitution nor essential for appellate review. See United States v. Birtle, 792 F.2d 846, 848 (9th Cir. 1986) (affirming the denial of defendant's Sec. 2255 petition alleging that counsel was ineffective for failing to file a reply brief); see also Fed. R. App. P. 28(c) ("The appellant may file a brief in reply to the brief of the appellee....") (emphasis added). Because Malizzio already raised and argued his claims in his Sec. 2255 motion, the lack of an opportunity to file a reply brief was not a denial of due process.
 
 CONCLUSION
 
 30
 For the foregoing reasons, we AFFIRM the district court's denial of Malizzio's Sec. 2255 motion.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The government asserts in its brief that DiDomenico was charged only with extortion, and was acquitted. (Appellee's Br. at 3.)
 
 
 [2]
 Malizzio does not raise this argument on appeal, and it is therefore waived
 
 
 [3]
 Under Guideline Sec. 1B1.3(a)(2), the court may consider for sentencing purposes "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of the conviction." U.S.S.G. Sec. 1B1.3(a)(2) (Nov. 1990)