7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel J. HIGHTOWER, Defendant-Appellant.
 No. 92-3609.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 5, 1993.*
Decided Oct. 7, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Daniel J. Hightower ("Hightower") was convicted of possession with intent to distribute cocaine base ("crack cocaine"), 21 U.S.C. § 841(a)(1), and using or carrying a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c)(1). Hightower appeals his conviction on the grounds that the evidence at trial was insufficient to support possession of crack cocaine with intent to distribute, and that he received ineffective assistance of counsel at trial in violation of his rights under the Sixth Amendment. We affirm.
 
 
 2
 Our standard of reviewing the sufficiency of the evidence presented at Hightower's trial is clear.[1] We view the evidence in the light most favorable to the government and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Williams, 951 F.2d 853, 859 (7th Cir.1992). The verdict of a jury must be sustained if there was substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). A defendant therefore faces a "heavy burden" in establishing a sufficiency of the evidence claim. United States v. Valencia, 907 F.2d 671, 676 (7th Cir.1990).
 
 
 3
 Possession of a small amount of narcotics is insufficient by itself to infer an intent to distribute. United States v. Garrett, 903 F.2d 1105, 1113 (7th Cir.1990), cert. denied, 498 U.S. 905 (1990). When viewed in the light most favorable to the government, however, other indicia of distribution coupled with possession of a small quantity may justify the inference of intent to distribute. Id. Packaging of drugs in a manner consistent with distribution and possession of a loaded pistol are factors which support intent to distribute. Id.
 
 
 4
 The record reveals substantial evidence of Hightower's possession of crack cocaine with intent to distribute. Officer Charles Benner ("Benner") of the Indianapolis Police Department, the arresting officer, testified that: (1) Hightower was holding a blue plastic bag in his right hand while facing another individual behind an apartment building; (2) the individual facing Hightower was taking money from a large roll in one hand and placing it in the other hand; and (3) Hightower had a semiautomatic pistol loaded with twelve live rounds of ammunition in a holster in his front waist area at the time of his arrest. The blue plastic bag contained 15 separate bindles of crack cocaine weighing a total of 1.6933 grams. Two detectives of the Indianapolis Police Department testified that, subsequent to his arrest and written waiver of his Miranda rights, Hightower admitted: (1) he transported approximately one-half kilogram of cocaine a week from Detroit, Michigan to Indianapolis, Indiana; (2) the cocaine was baked into crack cocaine in Indianapolis; (3) the crack cocaine recovered by Benner belonged to Hightower; and (4) Hightower was present at the apartment complex to sell the crack cocaine. This evidence is sufficient to support a finding beyond a reasonable doubt of Hightower's possession of crack cocaine with intent to distribute.
 
 
 5
 Hightower raises the claim of ineffective assistance of counsel for the first time in this appeal. This court will not consider the merits of such a claim raised for the first time on appeal unless, as here, the issue is sufficiently clear-cut. United States v. Limehouse, 950 F.2d 501, 503 (7th Cir.1991), cert. denied, 112 S.Ct. 1962 (1992). A strong presumption exists that counsel rendered reasonably professional assistance. Strickland v. Washington, 466 U.S. 668, 689 (1984). To overcome this presumption Hightower must establish that the performance of his trial counsel was constitutionally deficient and prejudiced the defense. Id. at 694. One element of prejudice is a reasonable probability that the result of the proceeding would have been different. Id. at 694. The result must also be fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 842-43 (1993). Hightower does not meet this burden.
 
 
 6
 Hightower asserts that his trial counsel was ineffective by failing to file a motion to suppress the confession by Hightower after his arrest on the ground of involuntariness. A voluntary confession is "the product of a rational intellect and a free will." Blackburn v. Alabama, 361 U.S. 199, 208 (1960). Relevant factors include a determination of whether Hightower was read his rights, his age, education, the nature of the questioning, and the use of physical punishment. United States v. Church, 970 F.2d 401, 404 (7th Cir.1992), cert. denied, 113 S.Ct. 1009 (1993).
 
 
 7
 The record reveals that Hightower was advised of his Miranda rights orally and in writing prior to interrogation and signed a written waiver of those rights. Hightower was twenty-three years old at the time of his arrest. He had graduated from high school, attended college, and could read and write. The only evidence of physical punishment and psychological pressure during the interrogation was from Hightower's own self-serving testimony, which the jury disbelieved. A decision to decline filing a pretrial motion to suppress which is without merit is a result of reasonable professional judgment. See Strickland v. Washington, 466 U.S. 668, 690 (1984). Hightower therefore did not receive ineffective assistance of counsel at trial.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 As a preliminary matter, we must determine whether we have jurisdiction over this appeal. The Clerk of the United States District Court for the Southern District of Indiana timely filed a notice of appeal on behalf of Hightower with the district court. The notice, however, did not designate any court to which the appeal was taken. This notice violated Rule 3(c) of the Federal Rules of Appellate Procedure, which requires that the notice name the court to which the appeal is taken. Fed.R.App.P. 3(c). The specificity requirement of Rule 3(c) is jurisdictional. Torres v. Oakland Scavenger Co., 487 U.S. 312 (1987). We have interpreted the Torres decision as based upon the principle of fair notice to the opposition and the court. United States v. Musa, 946 F.2d 1297, 1301 (7th Cir.1991). In Musa, we held that the incorrect designation of the United States Court of Appeals for the Eighth Circuit as the court to which the appeal was taken was not a jurisdictional bar to the appeal. Id. The notice in this case, as in Musa, unambiguously informs the prosecuting attorney and the district court that Hightower appeals his conviction and sentence. Id. We thus have jurisdiction