UNITED STATES of America,
Plaintiff–Appellee,

v.

Sabrina LIMEHOUSE, also known
as Sabrina White, Defendant–
Appellant.

No. 90–2967.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 20, 1991.

Decided Dec. 11, 1991.

Rehearing and Rehearing En Banc
Denied Jan. 9, 1992.

Charles Guadagnino (argued), Office of the U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Catherine M. Canright (argued), Foley, Pollack & Canright, Milwaukee, Wis., for defendant-appellant.

Before WOOD, Jr., CUDAHY and EASTERBROOK, Circuit Judges.

CUDAHY, Circuit Judge.

Sabrina Limehouse was convicted on two counts of knowingly and willfully conspiring and attempting to possess cocaine with intent to distribute. She appeals her conviction on the grounds that she received ineffective assistance of counsel in violation of her rights under the Sixth Amendment, and that the evidence was insufficient to support her conviction. We affirm.

I

On May 2, 1989, a Federal Express employee inspected the contents of a box that had become partially opened during the shipping process and discovered a powdery white substance that she suspected to be cocaine. The box had been shipped via Federal Express from Mel Johnson of 2445 South Barrington, Los Angeles to Sabrina White of 5674 North 65th Street, Milwaukee. Federal Express immediately alerted the DEA to its discovery of the suspicious white substance. Later that afternoon, after determining that the substance was in fact cocaine, DEA Agent Richard Andrews went to 5674 North 65th Street, the residence of defendant Sabrina Limehouse, with a substitute package similar in appearance to the intercepted box. Disguised in a Federal Express uniform, Agent Andrews arrived in a van bearing the Federal Express logo and attempted to deliver the package. But the defendant rejected the package, declaring that her name was Sabrina Limehouse and not Sabrina White. The next day, Agent Andrews again obtained a Federal Express uniform and van and attempted to deliver the package once more. This time, Sabrina Limehouse signed for the package under the name Sabrina White. Moments later, DEA agents identified themselves and entered her residence. They discovered approximately 350 small manila envelopes suitable for packaging cocaine as well as telephone toll records indicating a substantial number of telephone calls to or from various telephone numbers in the Los Angeles area.

Limehouse was charged with two counts of knowingly and willfully conspiring and attempting to possess cocaine with intent to distribute. A jury found her guilty of both counts and the district court sentenced her to thirty-six months in prison followed by a three-year term of super-

vised release. On appeal, Limehouse challenges her conviction on two grounds. First, she maintains that her trial attorney possessed a hearing impairment that rendered his assistance ineffective in violation of her Sixth Amendment right to counsel. Second, she contends that the evidence is insufficient to support her convictions for conspiring and attempting to possess cocaine with intent to distribute.

## II

■ Limehouse raises the claim of ineffective assistance of counsel for the first time in this appeal. This court has observed that "ineffective assistance of counsel claims are best dealt with at the district court level, either through a motion for a new trial, ... or through the collateral relief available under 28 U.S.C. § 2255." *United States v. Reiswitz*, 941 F.2d 488, 495 (7th Cir.1991). The district court, unlike the appellate court, has had the opportunity to observe counsel's performance firsthand. Further, only the district court can receive evidence relating to the ineffectiveness claim. Thus, this court ordinarily will not consider the merits of such a claim when it is raised for the first time on appeal. *United States v. Ray*, 828 F.2d 399 (7th Cir.1987), *cert. denied*, 485 U.S. 964, 108 S.Ct. 1233, 99 L.Ed.2d 432 (1988); *United States v. Fisher*, 772 F.2d 371, 373 (7th Cir.1985) (collecting cases).

We may, however, attempt to resolve an ineffective assistance claim even without benefit of the district court's views "if the issue is sufficiently clear-cut." *Johnson v. United States*, 805 F.2d 1284, 1290 (7th Cir.1986). We think that is the case here. "There is a strong presumption that counsel rendered reasonably effective assistance." *Reiswitz*, 941 F.2d at 495 (citing *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984)). To overcome that presumption,

Limehouse must show both that her trial counsel's performance was constitutionally deficient and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Limehouse fails to carry this burden.

■ Limehouse contends that her attorney, as a result of his hearing impairment, permitted the admission of damaging and prejudicial hearsay during the testimony of DEA Agent Andrews. Andrews testified that on his second visit to the Limehouse residence a man later identified as Melvin Williams told him that "Sabrina White" was present at the residence and that he would go get her. Contrary to the defendant's assertion, this statement does not constitute hearsay because it was not offered for the truth of the matter asserted [1]—that a person named Sabrina White was present at the Limehouse residence—but rather to show that Sabrina Limehouse had *posed* as Sabrina White to receive drugs. Further, Limehouse cannot show that the admission of Agent Andrews' testimony was prejudicial to her defense, as required by *Strickland*, because the government adduced significant additional evidence that she had posed as Sabrina White to receive drugs.[2]

Limehouse also claims that her attorney's hearing problem caused him to conduct lengthy cross-examinations that were essentially repetitious of the government's case. We need not determine whether counsel's conduct of these cross-examinations was "outside the range of professionally competent assistance," *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066, however, because Limehouse has failed to explain how they prejudiced her defense. As we have often stated, "conclusory allegations do not satisfy *Strickland*'s prejudice component." *United States v. Asubonteng*, 895 F.2d 424, 429 (7th Cir.1990) (citing cases).

---

**1.** The Federal Rules of Evidence define "hearsay" as follows:

> "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

Fed.R.Evid. 801(c).

**2.** Agent Andrews also testified that, on this second visit to the Limehouse residence, Limehouse herself stated that she was "Sabrina White," and she signed the delivery log with that name.

■ Finally, Limehouse raises two ineffective assistance claims not predicated on her attorney's hearing problem. First, she complains that her attorney's failure to object to the verdict form, which listed her as Sabrina Williams F/K/A Sabrina Limehouse A/K/A Sabrina White, constitutes ineffective assistance because the form virtually conceded the "critical issue" in the case—whether Sabrina Limehouse and Sabrina White were the same person. However, there was no impropriety in the court's use of that caption on the verdict form, since it merely reflected the evidence that Limehouse had represented herself to be Sabrina White. Thus, the attorney's failure to object to the form did not constitute ineffective assistance.

■ Second, Limehouse asserts that her attorney, by initiating questioning about the presence of marijuana in her residence, introduced prejudicial evidence that should have been excluded under Fed. R.Evid. 404(b). As the government points out, the attorney's decision to raise this issue was a tactical one, designed to advance the defense strategy that Limehouse had nothing to hide from the agents who searched her residence. Trial tactics are not subject to question by a reviewing court in deciding an ineffective assistance claim. *United States v. Dyer*, 784 F.2d 812, 817 (7th Cir.1986); *Arrowood v. Clusen*, 732 F.2d 1364, 1369 (7th Cir.1984). Limehouse has failed on direct appeal to establish that she received ineffective assistance of counsel. She may be entitled to pursue this issue—particularly as it relates to counsel's deafness—in a post-conviction proceeding.

## III

All that remains is Limehouse's argument that the evidence was insufficient to sustain her conviction. Limehouse advances two grounds in support of this argument. First, she calls into question the government's proof that the cocaine admitted into evidence at trial was the same substance taken from the Federal Express package, arguing that there was no chain of custody to substantiate this allegation and that the white substance in the original box was "chunkier" than the cocaine produced at trial. Second, she maintains that the government failed to establish that she entered into an agreement with others to possess cocaine with intent to distribute it.

■ In reviewing the sufficiency of the evidence supporting Limehouse's conviction, we must examine the evidence in the light most favorable to the government. As we have stated elsewhere, "[t]he test is whether, after viewing the evidence in the light most favorable to the government, '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Pritchard*, 745 F.2d 1112, 1122 (7th Cir. 1984) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original)). An appellate court may overturn a jury's verdict "'[o]nly when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.'" *United States v. Macias*, 930 F.2d 567, 572 (7th Cir.1991) (quoting *United States v. Redwine*, 715 F.2d 315, 319 (7th Cir.1983)).

■ Limehouse's chain of custody argument must be rejected because the evidence clearly supports the jury's conclusion that the cocaine received in evidence was in fact the same substance recovered from the Federal Express package. At trial, the Federal Express employee who handled the intercepted package testified that the cocaine offered in evidence generally resembled the suspicious white powder she spotted leaking from the Federal Express package. In addition, Agent Andrews affirmed that he tested the white powder in the Federal Express package and determined that it was cocaine. Limehouse failed to raise any objection when the cocaine was offered in evidence and stipulated that it was cocaine. She cannot now challenge its authenticity.

■ The evidence was also sufficient for a jury to conclude that Limehouse participated in a conspiracy to possess cocaine with intent to distribute it. To sustain a conspiracy charge, the government need only prove the existence of a conspiracy and a participatory link to the defendant. *See United States v. Caudill*, 915 F.2d 294,

297 (7th Cir.1990). We must, moreover, "'accept circumstantial evidence as support, even sole support, for a [conspiracy] conviction.'" *Id.* (quoting *United States v. Durrive,* 902 F.2d 1221, 1229 (7th Cir. 1990)). The evidence here demonstrated that a package containing over 200 grams of cocaine was sent via Federal Express from a "Mel Johnson" of Los Angeles, California to a "Sabrina White" at the defendant's address. Although Limehouse initially denied that she was Sabrina White and refused to accept the substitute package, she signed for the package as "Sabrina White" the very next day. The jury could properly find that the excuses Limehouse advanced at trial to explain why she accepted the Federal Express package under an assumed name were not credible.

Further, the evidence here went beyond merely establishing a link between Limehouse and the single Federal Express package containing cocaine. Limehouse was caught in possession of approximately 350 manila envelopes suitable for packaging cocaine for resale. The evidence also established that, during the three weeks preceding the interception of the package of cocaine, Federal Express delivered three similar packages to Limehouse's residence. Significantly, one of those three packages was accepted and signed for by a person also purporting to be Sabrina White. Finally, records of numerous telephone calls made from March 1989 to July 1989 between defendant's home and various telephone numbers in the Los Angeles area further connected Limehouse to the individuals responsible for sending her the intercepted package of cocaine. The evidence of an agreement is admittedly slim in this case. It is, however, enough—if only barely—to support the jury's conclusion that Sabrina Limehouse participated in a conspiracy to possess cocaine with intent to distribute.

For the foregoing reasons, Limehouse's conviction is

AFFIRMED.