**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41834**

| | | |
|---|---|---|
| **TYRELL RAMSEY,** | ) | **2015 Opinion No. 57S** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed:  December 31, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **SUBSTITUTE OPINION** |
| | ) | **THE COURT'S PRIOR OPINION** |
| Respondent. | ) | **DATED SEPTEMBER 11, 2015** |
| | ) | **IS HEREBY WITHDRAWN** |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County.  Hon. Michael R. Crabtree, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Tyrell Ramsey appeals from the district court's judgment summarily dismissing his petition for post-conviction relief.  Specifically, Ramsey requests his convictions be vacated based on the alleged denial of the right to effective assistance of counsel.  Alternatively, Ramsey requests that this Court reverse the district court's order granting summary dismissal and remand the case for an evidentiary hearing.  For the reasons discussed below, we affirm the judgment summarily dismissing Ramsey's petition for post-conviction relief.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Ramsey with two counts of attempted rape, two counts of battery with the intent to commit rape, and penetration by a foreign object.  Ramsey pled not guilty, and the case went to a jury trial.  During Ramsey's jury trial, his trial counsel often expressed difficulty

1

hearing. Additionally a witness, Kirk Ostrander, made remarks about Ramsey, claiming he likes to fight and suggesting he may have raped other women in the past. Ramsey's trial counsel did not object to this testimony, nor did he move to strike the testimony. During jury deliberations, in response to a jury question, the trial court judge directed the jury to continue deliberating. Ramsey's trial counsel did not object to the instruction.

The jury found Ramsey not guilty of one count of attempted rape and one count of battery with intent to commit rape. However, the jury found him guilty of one count of battery with intent to commit rape, sexual penetration with a foreign object, and an included offense of misdemeanor battery. Ramsey appealed, and this Court affirmed the judgment of conviction. *State v. Ramsey*, Docket No. 38228 (Ct. App. Aug. 1, 2012) (unpublished). Ramsey then filed the current petition, challenging his convictions. Specifically, he alleged the above inactions by trial counsel amount to ineffective assistance of counsel. Ramsey also alleged he was denied the right to a fair trial under the cumulative error doctrine. The State moved for summary dismissal, which the district court granted. Ramsey filed a motion for relief from judgment, which the district court denied. Ramsey appeals from the entry of judgment dismissing his petition for post-conviction relief.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code section 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be

2

accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of

3

material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. Concerning the deficiency of performance component, there is a strong presumption that counsel's performance falls within the wide range of professional assistance. *Id.* at 760, 760 P.2d 1174, 1176.

## A. Hearing Impairment

Ramsey first argues he was constructively denied his right to effective assistance of counsel because his trial counsel, due to a hearing impairment, was unable to hear all the evidence at trial, failed to make knowing and informed objections to inadmissible testimony, and frequently asked witnesses to repeat what they said. Such an impairment, Ramsey maintains, creates a presumption of prejudice. The United States Supreme Court articulated three circumstances that create a presumption of prejudice: (1) the complete denial of counsel; (2) when counsel entirely fails to subject the prosecutor's case to meaningful adversarial testing; and (3) when, although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a

4

presumption of prejudice is appropriate without inquiry into the actual conduct of the trial. *United States v. Cronic*, 466 U.S. 648, 659-60 (1984).

Ramsey relies on a Ninth Circuit case that concluded, "[W]hen an attorney for a criminal defendant sleeps through a substantial portion of the trial, such conduct is inherently prejudicial and thus no separate showing of prejudice is necessary." *Javor v. United States*, 724 F.2d 831, 833 (9th Cir. 1984). But *Javor* is distinguishable from the present case. In *Javor*, trial counsel slept, dozed off, or was otherwise not alert during a substantial portion of the trial proceedings. *Id.* at 832. The defendant was therefore denied effective legal assistance. *Id.* at 833-34. Here, turning specifically to the record, Ramsey points to over forty instances in which his trial counsel stated or implied that he was unable to hear a witness or the prosecutor. However, upon asking "pardon me" or requesting an answer be repeated, the answer would instead be repeated. Trial counsel eventually heard whatever he asked to be repeated. He did not miss testimony that a sleeping attorney, like the one in *Javor*, would miss. Instead, Ramsey's trial counsel responded to answers by asking follow-up questions, asked about previous testimony, and displayed exhibits--all actions that a sleeping attorney would fail to take. Thus, Ramsey failed to raise a genuine issue of material fact that his trial counsel's hearing impairment constructively denied Ramsey effective legal assistance.

Ramsey also notes that at the conclusion of Ramsey's direct examination, his trial counsel informed the court, "Your Honor, I had this thing off all through Ramsey's examination. It's getting difficult. So, anyway, what will be will be." Looking solely at this language, it seems that trial counsel's hearing impairment prevented him from effectively conducting a direct examination of Ramsey, but the trial transcript indicates otherwise. For instance, when the court sustained objections from the prosecutor on several occasions during Ramsey's direct examination, Ramsey's trial counsel asked different questions to try and get to the same point. Moreover, trial counsel asked follow-up questions in response to Ramsey's answers throughout the entire examination and asked questions about various exhibits he displayed. Finally, while trial counsel had more difficulty hearing some witnesses than others, counsel only suggested difficulty in hearing Ramsey's answers during direct and redirect examination on approximately three occasions. Thus, while trial counsel had "this thing off" (his hearing aid) during Ramsey's examination, he was still able to develop meaningful testimony through questions and exhibits.

5

The record of the criminal proceedings therefore disproves Ramsey's claim that his trial counsel's hearing impairment denied Ramsey effective legal assistance.

This case is similar to a Seventh Circuit case where the court held that a hearing impairment, without a showing of prejudice, is insufficient for an ineffective assistance of counsel claim.[1]  *United States v. Limehouse*, 950 F.2d 501, 503 (7th Cir. 1991).  In *Limehouse*, the defendant alleged that her trial counsel, "as a result of his hearing impairment, permitted the admission of damaging and prejudicial hearsay" and "caused him to conduct lengthy cross-examinations that were essentially repetitious of the government's case." *Id.*  The court analyzed her claims under the *Strickland* prongs because a hearing impairment in and of itself was insufficient to create a presumption of prejudice. *Id.*  Because the defendant in *Limehouse* failed to demonstrate how her defense was prejudiced, as required under the *Strickland* test, her claims for ineffective assistance of counsel failed.  *Limehouse*, 950 F.2d at 503.

Ramsey failed to raise a genuine issue of material fact as to any one of the three circumstances that create a presumption of prejudice.  The district court therefore properly summarily dismissed this claim.  Ramsey argues in the alternative that, but for trial counsel's hearing impairment, the result of the trial would have been different, which would establish a deficiency in trial counsel's performance that prejudiced Ramsey.  Specifically, Ramsey maintains that his trial counsel failed to object to inadmissible testimony which, he further argues, likely affected the outcome of the case.  This issue warrants a separate analysis.

**B.      Failure to Object to Inadmissible Testimony**

At trial, the prosecutor's witness on direct examination stated that "Tyrell likes to fight" and "if Tyrell tried it with two girls just in that one night, who knows how many times he's done it--you know, succeeded in doing it."  Ramsey argues that these statements are inadmissible.  Thus, Ramsey argues, trial counsel's failure to object to the introduction of the statements and failure to move to strike the statements prejudiced his case and amounts to ineffective assistance of counsel.

---

[1]      We recognize that *United States v. Limehouse*, 950 F.2d 501, 503 (7th Cir. 1991) is a direct appeal case.  However, *Limehouse* is still instructive because the Seventh Circuit held that a hearing impairment, without a showing of prejudice, is insufficient to demonstrate ineffective assistance of counsel.  We use the same standard in an appeal from a summary dismissal of a petition for post-conviction relief--the petitioner must create a genuine issue of material fact that his or her attorney's performance was deficient and the deficiency prejudiced the petitioner.

This Court has long held that if "an objection would not have been successful, its absence will not constitute ineffective assistance of counsel." *State v. Aspeytia*, 130 Idaho 12, 15, 936 P.2d 210, 214 (Ct. App. 1997); *State v. Pugsley*, 128 Idaho 168, 175, 911 P.2d 761, 768 (Ct. App. 1995). Accordingly, in order to determine whether trial counsel's failure to object fell below a reasonable standard, this Court must first determine whether the evidence is admissible. A failure to object to inadmissible evidence does not automatically constitute ineffective assistance of counsel--the petitioner must still demonstrate a deficient performance that prejudiced his or her defense. *Pugsley*, 128 Idaho at 175, 911 P.2d at 768.

The first statement, "Tyrell likes to fight," implicates Idaho Rule of Evidence 404(b), which reads that "evidence of other crimes, wrongs, or acts" may be admissible to prove "motive, opportunity, intent, preparation, knowledge, identity, or absence of mistake or accident." I.R.E. 404(b). In determining the admissibility of evidence of other crimes, wrongs or acts, the Supreme Court has utilized a two-tiered analysis. The first tier involves a two-part inquiry: (1) whether there is sufficient evidence to establish the prior bad acts as fact; and (2) whether the prior bad acts are relevant to a material disputed issue concerning the crime charged, other than propensity. *State v. Grist*, 147 Idaho 49, 52, 205 P.3d 1185, 1188 (2009).

While there was some testimony that Ramsey allegedly wanted to fight one of the witnesses at a party, this is insufficient evidence that Ramsey likes to fight. Moreover, while fighting is relevant to the crimes charged, since the crimes charged are of a violent nature, the testimony is only relevant for propensity purposes. The testimony that Ramsey likes to fight is inadmissible under Rule 404(b).[2]

As noted above, the trial attorney's failure to object to inadmissible evidence does not automatically constitute ineffective assistance of counsel--Ramsey must still demonstrate a deficient performance that prejudiced his defense. Ramsey argues that the testimony about fighting could lead a jury to convict based solely on what he may have done in the past. However, the remark that Ramsey likes to fight was unresponsive to the prosecution's question, and it was an offhand and isolated accusation. The witness made the remark while he answered a question about Ramsey's appearance after the alleged attempted rape, and the prosecutor did not ask a follow-up question about fighting. In fact, the prosecutor indicated during his closing

---

[2]     This testimony also implicates Rule 404(a). However, neither party addressed this rule when discussing this testimony. Thus, we refrain from a Rule 404(a) analysis.

statement, "there was some word or some talk that Kirk--that Tyrell wanted to fight Kirk or Kirk wanted to fight Tyrell. Does any of that really matter? It doesn't make sense that [the victim] would put herself through all of this, make this kind of accusation, simply over some boyfriend drama?" Because the offhand remark was not otherwise emphasized at trial, Ramsey failed to raise a genuine issue of material fact that trial counsel's failure to object to move to strike amounted to deficient performance and prejudiced Ramsey's defense.

Next, the statement "[b]ecause if Tyrell tried it with two girls just in that one night, who knows how many times he's done it--you know, succeeded in doing it" also implicates Rule 404(b). Returning to the two-tiered analysis used to determine the admissibility of prior bad acts, there is no evidence that Ramsey sexually assaulted other women in the past. Thus, the suggestion that Ramsey may have sexually assaulted other women is pure speculation. Testimony that suggests Ramsey committed other rapes could lead the jury to be concerned that because Ramsey was accused of sexually assaulting two women in one night, he has previously engaged in such conduct. Such a concern could lead the jury to ignore the evidence and disregard the burden on the government to prove each element of each offense beyond a reasonable doubt. Instead, the jury might convict based solely on what Ramsey may have done in the past. This is what Rule 404(b) seeks to prevent and, as such, this testimony is inadmissible.

However, this Court has recognized that "counsel has broad discretion when formulating strategy and tactics prior to and during trial." *State v. Roles*, 122 Idaho 138, 148, 832 P.2d 311, 321 (Ct. App. 1992). Thus, we will not second-guess trial counsel's decisions absent evidence of "inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation." *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct. App. 1989).

Here, Ramsey has not created a genuine issue of material fact concerning inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation. While Ramsey points to trial counsel's hearing impairment, a hearing impairment is not a shortcoming capable of objective evaluation. The record demonstrates trial counsel's ability to develop meaningful testimony throughout the trial. Ramsey also points to an affidavit from trial counsel asserting that "preparation for trial is impaired by the shortness of time and the Holiday and Year end business commitments of counsel for Defendant." The affidavit reflects the time challenge that many criminal trial attorneys face. But an impairment caused by time is not

8

necessarily inadequate preparation, ignorance of the law, or a shortcoming. This evidence, without more, does not create a genuine issue of material fact that Ramsey's trial attorney was inadequately prepared or demonstrated shortcomings capable of objective review. Rather, the trial attorney likely chose not to object and move to strike the testimony about the suggested other rapes because such an objection and motion to strike would only serve to emphasize the testimony to the jury.

In *Roles*, the defendant, who was convicted of rape, forcible sexual penetration with a foreign object, and other crimes, claimed that his trial counsel was ineffective in failing to object to the victim's testimony. *Roles*, 122 Idaho at 147, 832 P.2d at 320. While on the stand, the victim made "a brief and passing reference implicating [the defendant] in an unexplained incident characterized as a 'sexual assault.'" *Id.* Defense counsel did not object. *Id.* This Court noted, "Trial counsel for [the defendant] may well have made the tactical decision not to object and move to strike, so as not to draw further attention to the passing reference. We will not second-guess trial counsel's decision not to object to and move to strike this testimony." *Id.* We reach the same conclusion in this case. Trial counsel's decision not to object or move to strike and emphasize the testimony to the jury falls within the broad discretion afforded counsel to formulate trial strategy and tactics and is inapposite to a conclusion of ineffective assistance of counsel.

We recognize that *Roles* is another direct appeal case. However, the procedural posture makes no difference in analyzing Ramsey's failure to object. *Roles* stands for the proposition that counsel has broad discretion when formulating strategy and tactics prior to and during trial. The Idaho Supreme Court has held the same in post-conviction proceedings when the district court summarily dismissed an ineffective assistance of counsel claim without an evidentiary hearing. *See, e.g.*, *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008). Furthermore, this Court held the same in *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006), another post-conviction case where the district court summarily dismissed the petitioner's claim without an evidentiary hearing. In *Murphy*, however, we reached a different conclusion, holding that the district court erred in summarily dismissing an ineffective assistance of counsel claim because the petitioner's trial counsel submitted an affidavit admitting his deficient performance.

Regardless, Ramsey failed to raise a genuine issue of material fact here. Considering our refusal to second-guess trial counsel's decisions without evidence of inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective review, the presumption that counsel's performance fell within the acceptable range of professional assistance controls.

## C.    Dynamite Instruction

Ramsey next argues that his trial counsel rendered ineffective assistance of counsel by failing to object to the judge's "dynamite instruction" given to the jury. A judge gives a dynamite instruction when it directs a deadlocked jury to continue deliberating and exhorts minority view-holders to reconsider their positions. *State v. Gomez*, 137 Idaho 671, 676, 52 P.3d 315, 320 (2002); *State v. Hernandez*, 133 Idaho 576, 586, 990 P.2d 742, 752 (Ct. App. 1999). Idaho prohibits dynamite instructions to protect against jury coercion. *State v. Flint*, 114 Idaho 806, 812, 761 P.2d 1158, 1164 (1988). However, in prohibiting the use of dynamite instructions, the Supreme Court specifically disclaimed any intent to prohibit instructions directing further deliberations where the jury is not definitely deadlocked. *Id.* at 813, 761 P.2d at 1165.

In *Gomez*, the jury asked, "what happens if the jury cannot unanimously agree to either a guilty or not guilty verdict?" *Gomez*, 137 Idaho at 676, 52 P.3d at 320. The district court answered that the jury would become a hung jury or a deadlocked jury, and the court would declare a mistrial. *Id.* A juror then inquired, "if we do not come to a conclusion, sir, in the next hour or two or three or four hours, is there any arrangement for our time and energy?" *Id.* In response, the judge indicated that the system depended on their deliberations and that the goal of a jury trial is to reach a unanimous verdict. *Id.* The Supreme Court concluded that the district court's comments "did not direct any jurors to change their minds or attempt to coerce a verdict," and thus did not amount to a dynamite instruction.[3] *Id.* at 676-77, 52 P.3d at 320-21.

---

[3]    In that case, however, the Supreme Court did conclude that the judge's instructions "may well have misled the jury. The district court could have answered the jury's question with a simple statement: the prosecutor decides whether to seek a new trial, and the case may be retried before another jury." *State v. Gomez*, 137 Idaho 671, 677, 52 P.3d 315, 321 (2002). In this case, it is unlikely that the judge's instructions confused the jury. He merely informed the jury to continue deliberations according to the instructions provided.

Here, similarly, the jury asked the judge, "What happens if we do not have a unanimous decision on Instruction 28?"[4] The jury was not definitely deadlocked for purposes of a dynamite instruction--the jury merely asked what would happen if it was deadlocked. In fact, after Ramsey's trial attorney expressed belief that the jury might be deadlocked, the judge replied:

> I entertained also the notion that this might be a declaration of deadlock. . . . My sense is that it's premature to get too far afield on assumptions and further questions, and I don't want to open a dialogue with the jury at this point unless and until they more unequivocally declare deadlock.

Accordingly, the judge answered, "The jury is to continue deliberations under the direction of the instructions that have been given." While the judge directed the jury to continue deliberating, he never exhorted minority view-holders to change their positions, similar to the judge in *Gomez*. We conclude that the district court judge did not give a dynamite instruction to the jury. Ramsey failed to raise a genuine issue of material fact that his trial counsel was ineffective in failing to object to this instruction.

**D.     Right to Fair Trial**

Finally, Ramsey claims that even if this Court concludes that the above alleged errors were individually harmless or not prejudicial, the aggregated errors amount to cumulative error pursuant to the cumulative error doctrine, and he should be entitled to an evidentiary hearing on all his claims. "The cumulative error doctrine 'refers to an accumulation of irregularities, each by itself might be harmless, but when aggregated, the errors show the absence of a fair trial, in contravention of the defendant's constitutional right to due process.'" *State v. Moore*, 131 Idaho 814, 823, 965 P.2d 174, 183 (1998) (quoting *State v. Peite*, 122 Idaho 809, 822, 839 P.2d 1223, 1236 (Ct. App. 1992)). A finding of error in the first instance is necessary for application of the cumulative error doctrine. *State v. Medina*, 128 Idaho 19, 29, 909 P.2d 637, 647 (Ct. App. 1996).

As explained above, we find two possible errors here--trial counsel's failure to object and move to strike the inadmissible testimony pertaining to Ramsey's speculated sexual past and his alleged propensity to fight. However, these errors do not demonstrate the absence of a fair trial, nor do the errors contravene Ramsey's constitutional right to due process. The testimony about fighting is not prejudicial. And we will not second-guess trial counsel's decision to not object to

---

[4]     Instruction 28 laid out the battery with intent to commit rape offense against one of the victims.

11

or move to strike the testimony about prior sexual acts.  An objection or motion to strike would have further drawn the jury's attention to the testimony.  Therefore, the cumulative error doctrine does not apply.

### III.

### CONCLUSION

Ramsey failed to raise a genuine issue of material fact that his trial counsel's hearing impairment amounts to ineffective assistance of counsel, that trial counsel's failure to object to inadmissible testimony was prejudicial and/or fell outside trial counsel's discretion to formulate trial strategy and tactics, and that trial counsel's failure to object to the trial judge's instruction constitutes ineffective assistance of counsel.  We therefore affirm the district court's judgment summarily dismissing Ramsey's petition for post-conviction relief.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.