**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44049**

| | | |
|---|---|---|
| JODY A. MILLER, | ) | **2017 Unpublished Opinion No. 517** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed:  July 14, 2017** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| STATE OF IDAHO, | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Benewah County.  Hon. Fred M. Gibler, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Jody A. Miller, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Jody A. Miller appeals from the district court's judgment summarily dismissing his petition for post-conviction relief.  Miller argues the district court erred in summarily dismissing his petition because he did not waive his post-conviction rights and because he established a prima facie case that his trial counsel rendered ineffective assistance of counsel.  For the reasons explained below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Miller entered an *Alford*[1] plea to second degree murder in the underlying criminal case.  He filed a petition for post-conviction relief, alleging several claims that are not at issue on appeal.  The State filed a motion for summary dismissal, which the district court granted without

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

a hearing. Miller appeals, arguing the district court erred in determining Miller waived his right to post-conviction relief by entering an *Alford* plea and in determining Miller failed to present genuine issues of material fact pertaining to his ineffective assistance of counsel claims.

## II.

## ANALYSIS

As a threshold matter, the State concedes on appeal that Miller did not waive his right to file a petition for post-conviction relief. We therefore decline to further address this issue.

Miller contends the district court erred in summarily dismissing his petition for post-conviction relief because he presented a genuine issue of material fact that his trial counsel rendered ineffective assistance. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations,

2

unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Miller specifically maintains his trial counsel was ineffective by failing to seek suppression of Miller's confession; failing to conduct an adequate investigation of Miller's potential defenses by failing to obtain DNA, blood spatter evidence, and expert testimony to show that someone other than Miller fatally stabbed the victim; and failing to inform Miller of specific trial strategies.

We first address Miller's claim that trial counsel was ineffective in failing to seek suppression of Miller's confession. According to Miller, his confession was involuntary because he had been drinking and smoking marijuana before his arrest and subsequent confession. In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17. Here, the district court summarily dismissed this claim after determining Miller failed to set forth evidence that a motion to suppress would have been

4

successful. A review of the petition leads us to agree with the district court's determination. Miller failed to allege or set forth evidence that the motion would have been successful.

For instance, Miller argues his confession was made under duress and coercion and was therefore involuntary. To determine whether a confession is voluntary, a court must examine the totality of the circumstances and ask whether the defendant's will was overborne by police conduct. *Arizona v. Fulminante*, 499 U.S. 279, 287-88 (1991); *State v. Troy*, 124 Idaho 211, 214, 858 P.2d 750, 753 (1993); *State v. Brown*, 155 Idaho 423, 429, 313 P.3d 751, 757 (Ct. App. 2013). If, under the totality of circumstances, the defendant's free will was overborne by threats, through direct or implied promises, or other forms of coercion, then the statement is not voluntary and is inadmissible. *Fulminante*, 499 U.S. at 285-87; *Troy*, 124 Idaho at 214, 858 P.2d at 753; *Brown*, 155 Idaho at 430, 313 P.3d at 758. However, Miller did not provide any argument or evidence that his will was overborne by police conduct.

Miller additionally argues his confession was made while he was intoxicated and was therefore involuntary. Again, however, Miller failed to provide evidence he was intoxicated. Without evidence of intoxication, any argument that his confession was involuntary as a result of intoxication is a conclusory allegation.

Finally, Miller argues his confession was obtained through a *Miranda*[2] violation. Any waiver of *Miranda* rights or the underlying constitutional privilege against self-incrimination must be made knowingly, voluntarily, and intelligently. *State v. Dunn*, 134 Idaho 165, 169, 997 P.2d 626, 630 (Ct. App. 2000). Miller argues that because he was intoxicated, his confession was elicited through a *Miranda* violation. As discussed, however, Miller did not provide evidence of intoxication and therefore did not provide evidence of a *Miranda* violation. Accordingly, Miller did not set forth a prima facie case of ineffective assistance of counsel pertaining to trial counsel's failure to file a motion to suppress, and therefore the district court did not err in summarily dismissing this claim.

Miller also alleged trial counsel failed to conduct an adequate investigation to properly defend Miller. Specifically, Miller alleges that trial counsel was ineffective in failing to obtain DNA, blood spatter evidence, and expert testimony to show someone other than Miller stabbed the victim. The district court summarily dismissed these claims after determining Miller failed to present material facts as to what additional investigation should have been done and how such

---

[2]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

investigation would have impacted the outcome of the case. Determining whether an attorney's pretrial preparation falls below a level of reasonable performance constitutes a question of law but is essentially premised upon the circumstances surrounding the attorney's investigation. *Thomas v. State*, 145 Idaho 765, 769, 185 P.3d 921, 925 (Ct. App. 2008). To prevail on a claim that counsel's performance was deficient, a petitioner must establish that the inadequacies complained of would have made a difference in the outcome of trial. *Id.* It is not sufficient merely to allege that counsel may have discovered a weakness in the State's case. *Id.* We will not second-guess trial counsel in the particularities of trial preparation. *Id.*

Miller failed to establish that trial counsel's alleged inadequacies would have made a difference in the outcome of trial. For instance, Miller did not present evidence that the DNA evidence and the blood spatter evidence would likely have shown that Miller did not stab the victim. Moreover, Miller's allegation in his petition that an expert witness was necessary to rebut the evidence is speculative and conclusory. On appeal, Miller does not provide argument or authority regarding these claims. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). For all these reasons, the district court did not err in summarily dismissing Miller's ineffective assistance of counsel claims pertaining to the alleged failure to investigate.

Additionally, Miller maintains the district court erred in summarily dismissing his claim that trial counsel was ineffective by failing to inform Miller of specific trial strategies. Miller, however, does not provide authority or argument on appeal. Miller does not explain what specifically trial counsel failed to inform Miller of or how the alleged failure to inform prejudiced his case. Miller's claim is conclusory and unsupported by evidence. Accordingly, the district court did not err in summarily dismissing this claim.

Lastly, Miller contends he was deprived of effective assistance of counsel by the cumulative effects of trial counsel's errors. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial in contravention of the defendant's right to due process. *Dunlap*, 141 Idaho at 65-66, 106 P.3d at 391-92; *Ramsey v. State*, 159 Idaho 887, 895-96, 367 P.3d 711, 719-20 (Ct. App. 2015). A finding of error in the first instance is necessary for application of the cumulative error doctrine. *Ramsey*, 159 Idaho at 896, 367 P.3d at 720. Because Miller failed to establish any errors, this doctrine is inapplicable.

6

## III.

## CONCLUSION

The district court did not err in summarily dismissing the claims in Miller's petition because he did not set forth a prima facie case of ineffective assistance of counsel for any of his claims. Therefore, we affirm the district court's judgment summarily dismissing Miller's petition for post-conviction relief.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.