IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45169

| | |
|---|---|
| MITCHELL JAMES BIAS, | ) |
| | ) Filed: June 20, 2018 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. John K. Butler, District Judge.

Judgment denying petition for post-conviction relief, affirmed.

Greg S. Silvey, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Mitchell James Bias appeals from the district court's judgment denying his petition for post-conviction relief after an evidentiary hearing. Bias argues that he was deprived of his constitutional right to the effective assistance of counsel based on trial counsel's failure to object to a witness's allegation that Bias had raped or attempted to rape the witness's wife. Alternatively, Bias argues his counsel was ineffective for failing to move for a mistrial after the rape allegation. For the reasons discussed below, we affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Bias with conspiracy to commit robbery and burglary. He pleaded not guilty and proceeded to trial. The defense's theory of the case was that a co-conspirator set Bias up and fabricated his participation in the robbery and burglary because he was involved in an extramarital affair with the co-conspirator's spouse. After trial counsel questioned the co-

1

conspirator regarding the relationship, the State followed up on the relationship between the co-conspirator's wife and Bias. In response, the witness testified that his wife hated Bias because he had previously raped or attempted to rape the wife. Trial counsel did not object, and the prosecutor did not ask any follow-up questions or mention the rape allegation throughout the remainder of the trial. The jury found Bias guilty of conspiracy to commit robbery and burglary. Bias appealed from his judgment of conviction, and this Court affirmed the judgment and sentence. *State v. Bias*, Docket No. 40870 (Ct. App. Feb. 25, 2014) (unpublished). While his appeal was pending, Bias filed a pro se petition for post-conviction relief alleging numerous claims regarding prosecutorial misconduct and ineffective assistance of counsel in the underlying criminal case. Bias was appointed counsel and the petition was ultimately dismissed. Bias appealed. Bias also filed a pro se motion to set aside the judgment, which the court treated as an Idaho Rule of Civil Procedure 59(e) motion, and denied it without a hearing.

On appeal, this Court affirmed in part, reversed in part, and remanded the case to the district court for further proceedings regarding one claim of ineffective assistance of counsel. *Bias v. State*, 159 Idaho 696, 365 P.3d 1050 (Ct. App. 2015). This Court held Bias was entitled to an evidentiary hearing on the claim of ineffective assistance of counsel arising from trial counsel's failure to object or move for a mistrial after a witness testified that Bias had raped or attempted to rape the witness's wife. *Id.* at 704, 365 P.3d at 1058. The case was remanded for an evidentiary hearing. At the evidentiary hearing, Bias, his trial counsel, and the prosecuting attorney all testified. Trial counsel testified that he did not object because:

> [He] didn't want to bring it to the full attention of the jury. It was the second day of trial. This was after we had already told the jury that part of our theory was that this affair led [the witness]--and I thought at the time it goes to show [the witness's] bias against [] Bias. He hated him so much that he would lie and say that he raped her, and so I thought it wasn't something I wanted to draw attention to, and it was a tactical strategy for trial.

Additionally, trial counsel testified that he made similar decisions not to object frequently because he previously talked with jurors who voiced a frustration if not an annoyance with an over-abundance of objections during trials. Therefore, counsel believed frequent objections could have an adverse effect on the jury. The district court made extensive findings of fact and conclusions of law and ultimately denied Bias's petition for post-conviction relief. Bias timely appeals.

2

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. Idaho Code § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678. Here, Bias does not assert that the district court's factual findings are erroneous, so our review is limited to the district court's application of the relevant law to the facts.

## III.

## ANALYSIS

Bias argues his trial counsel's failure to object to the witness's rape allegation constituted ineffective assistance of counsel. Alternatively, Bias argues his trial counsel was ineffective because he failed to move for a mistrial as a result of the rape allegation during trial. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have

3

been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

## A.     Failure to Object

Bias first argues trial counsel was ineffective in failing to object to the witness's statement alleging rape. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687-88; *Self*, 145 Idaho at 580, 181 P.3d at 506. To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon*, 114 Idaho at 760, 760 P.2d at 1176; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. "[I]n order to determine whether trial counsel's failure to object fell below a reasonable standard, this Court must first determine whether the evidence is admissible." *State v. Ramsey*, 159 Idaho 887, 893, 367 P.3d 711, 717 (Ct. App. 2015). If "an objection would not have been successful, then its absence will not constitute ineffective assistance of counsel." *Id.* The State does not argue that the evidence was admissible. Moreover, this Court determined that the evidence was likely inadmissible in the previous appeal. However, trial counsel's failure to object to inadmissible evidence does not automatically constitute ineffective assistance of counsel--Bias must still demonstrate a deficient performance that prejudiced his defense. *See id.*; *State v. Pugsley*, 128 Idaho 168, 175, 911 P.2d 761, 768 (Ct. App. 1995).

The district court concluded that Bias did not make any showing that trial counsel was inadequately prepared or lacked knowledge of the relevant law. Further, it concluded that trial counsel, being fully aware of the options available at trial regarding the rape allegation, made a strategic and tactical decision to not object in order to not draw further attention to the statement.

At the evidentiary hearing, trial counsel testified that he chose not to object to the statement about the allegation of rape, in the presence or outside the presence of the jury, because such an objection would only serve to emphasize the testimony to the jury. Further, counsel testified that he made a strategic decision regarding the statement and that the statement itself helped support the defense's theory. Without evidence of inadequate preparation,

4

ignorance of relevant law, or other shortcomings capable of objective review, the presumption that counsel's performance fell within the acceptable range of professional assistance controls and we will not second-guess trial counsel's strategic and tactical decisions. *Gonzales*, 151 Idaho at 172, 254 P.3d at 73. Trial counsel's decision not to object and emphasize the testimony to the jury falls within the broad discretion afforded counsel to formulate trial strategy and tactics and is inapposite to a conclusion of ineffective assistance of counsel. Accordingly, we conclude that trial counsel's strategic and tactical decision to avoid spotlighting the statement was within the scope of reasonable representation and therefore did not constitute deficient performance.

Even assuming counsel's performance was deficient, Bias must still prove he was prejudiced by counsel's deficient performance. To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. Bias mistakenly relies on this Court's remark in his previous appeal that evidence under Idaho Rule of Evidence 404(b) is inherently prejudicial to conclusively prove the second prong. Our explanation in Bias's previous appeal that Rule 404(b) evidence is inherently prejudicial did not imply that had that statement not been made at trial, the result would have been different. Rather, we determined that Bias's allegation that the statement was highly prejudicial was sufficient to raise a genuine issue as to whether trial counsel's failure to object constituted ineffective assistance of counsel. This Court remanded the case for an evidentiary hearing to allow Bias an opportunity to present evidence demonstrating that, but for trial counsel's failure to object to the evidence, the outcome of the trial would have been different.

Bias argues that the statement alleging he raped the witness's wife could lead the jury to convict based solely on the perception that he was an alleged rapist. However, the rape allegation was an offhand and isolated accusation that was not referenced again throughout the three-day trial. In fact, trial counsel mentioned the alleged affair between the witness's wife and Bias in his opening argument and in questioning the witness on cross-examination, consistent with its defense theory of having been framed. Considering the weight of the State's evidence, which included video surveillance, phone records and witness testimony at trial, Bias failed to demonstrate the trial would have come out differently had trial counsel objected to the rape allegation. Accordingly, the district court did not err in denying Bias's claim based on trial counsel's decision to not object to the allegation of rape.

5

**B.      Failure to Move for Mistrial**

Bias alternatively argues that even if counsel had appropriately withheld objection to minimize attention to the alleged rape accusation, because of the prejudicial nature of the statement counsel should have nonetheless called for a recess and moved for a mistrial outside the presence of the jury. Bias provides no argument regarding how the evidence affected the trial other than conclusory statements that it was "inadmissible and prejudicial," "the rape claim colored the jury's view of Mr. Bias'[s] testimony and prevented his effective defense via his own testimony," and a mistrial was "the correct remedy"

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17. A mistrial may be declared upon motion of the defendant when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's ruling on a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.3d 1102, 1105 (Ct. App. 1983).

At the evidentiary hearing, trial counsel testified that he was aware that he could object outside the presence of the jury and that he could have moved for mistrial. However, he made a strategic decision to refrain from doing so. Further, throughout Bias's criminal case, trial counsel's strategy was to show that the witness's testimony was fabricated and aimed at

6

implicating Bias in the crime due to an alleged affair between Bias and the witness's wife. Counsel testified that the statement actually reinforced the defense's theory of the case. At the time the statement was made, trial counsel had already introduced the concept of an affair in opening argument, as well as during cross-examination of the witness. Bias has failed to show that the statement had any continuing impact on the trial such as to deprive him of a fair trial. The low probability of success of a motion for mistrial therefore fails to establish that trial counsel's decision not to move for a mistrial was either deficient or prejudiced Bias. Accordingly, the district court did not err in denying Bias's claim based on counsel's decision not to move for a mistrial.

## IV.

## CONCLUSION

The record shows that Bias's counsel made a strategic choice to not object to the witness's statement. Counsel's strategy choice was well within the range of professionally reasonable judgments, and the decision to not move for a mistrial was likewise reasonable. Accordingly, the district court's denial of Bias's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.